[S. F. No. 1960.   Department Two.—June 15, 1900.]

In the Matter of the Estate of EMMET M. HICKEY, Deceased. A. C. FREESE, Administrator, Appellant, v. WILLIAM E. HICKEY et al., Minor Heirs, Respondents.

ESTATES OF DECEASED PERSONS—ORDER VACATING DECREE OF SETTLEMENT AND DISTRIBUTION—JURISDICTION.—The superior court has jurisdiction, upon application of minor heirs made within the time limited by section 473 of the Code of Civil Procedure, to vacate and set aside an order and decree settling the final account of the administrator, and distributing the estate, on account of

their "mistake, inadvertence, surprise, or excusable neglect," and may require a new settlement of the final account, and a new decree of distribution.

ID.—NONAPPEALABLE ORDER—OBJECTIONS NOT AVAILABLE.—The order vacating the former order and decree is not appealable; and objections to its validity, going only to the sufficiency of the showing, and not to the jurisdiction of the court to make the order, cannot be available as a ground for assailing the validity of the new settlement of the final accounts of the administrator, and of the new decree of distribution, which are not otherwise incorrect.

APPEAL from orders of the Superior Court of the City and County of San Francisco settling the final account of an administrator and decreeing distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

J. D. Sullivan, for Appellant.

Edward C. Harrison, for Respondents.

McFARLAND, J.—The transcript shows two appeals by A. C. Freese, administrator of the above estate—one from an order of the court made September 26, 1898, and filed on the 30th of said month, settling the final account of the administrator; and the other, made and filed at the same time, setting apart the residue of the estate to the minor heirs, William E. Hickey and Francis T. Hickey. No objection is made to the correctness of these orders, provided the court had jurisdiction to make them; but the contention of appellant is that the court had theretofore, on December 21, 1896, made its order and decree settling the final account and distributing the estate; that it had subsequently made an order setting aside and annulling the said former order and decree, and that the order setting aside the same was without jurisdiction and invalid; and that, therefore, the court had no jurisdiction to make the orders appealed from.

The order vacating the original order and decree was made, on motion of respondents, under section 473 of the Code of Civil Procedure, which expressly gives the power to a court to relieve a party from a judgment or order taken against him

on account of his "mistake, inadvertence," etc., provided that application therefor be made within a reasonable time, not exceeding six months after the judgment or order; and as the application in the case at bar was made in the same month in which the original order was made, and within a few days thereafter, there is no question as to reasonable time. The court, therefore, clearly had general jurisdiction to make the order. The objections of the appellant to the validity of the order are: 1. That the notice of the motion for the order was ambiguous in this: That on said 21st of December, 1896, another order had been made in the estate of Hickey decreeing that due notice had been given the creditors, and that the notice of motion to vacate might be construed as referring to the order decreeing notice, and not to the order settling the account; 2. That no affidavit of merits accompanied the notice; and 3. That respondents failed to prove that the order sought to be vacated was taken against them "through their mistake, inadvertence, surprise, or excusable neglect." Waiving the question whether upon the whole proceeding, if the order were now being reviewed on appeal, there were any of the alleged defects in the matters objected to, still the objections go only to the sufficiency of the showing, and not to the jurisdiction. As there is no appeal allowed from a probate order vacating a former order, it was evidently supposed by the code makers that an appeal from the final order subsequently made would afford ample remedy. (See *Estate of Hickey,* 121 Cal. 378.)

The orders appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.