467 P.2d 756

John ABOUD, Petitioner,

v.

Hon. Norman S. FENTON, Judge of Superior Court of State of Arizona in and for County of Pima; and Superior Court of the State of Arizona in and for the County of Pima, Hon. Robert O. Roylston, Presiding Judge thereof; and Hon. James M. Howsare, Commissioner of Superior Court of State of Arizona in and for the County of Pima; and Clarence L. Harrington, Jr., as administrator of the Estate of Clarence L. Harrington, Sr., Deceased, Respondents.

No. 2 CA–CIV 812.

Court of Appeals of Arizona,
Division 2.

April 9, 1970.

Rehearing Denied June 16, 1970.

Review Denied June 30, 1970.

John Aboud, Tucson, for petitioner.

A. Alan Hanshaw, Tucson, for respondent Clarence L. Harrington, Jr., Administrator of the Estate of Clarence L. Harrington, Sr., deceased.

HATHAWAY, Judge.

The petitioner in this special action proceeding challenges the superior court's refusal to execute a written order confirming the sale of certain real property to him. He contends that, in refusing such order and directing that a new sale be conducted, the lower court is proceeding without or in excess of its jurisdiction. In support of his position, he relies on A.R.S. § 14–598, subsec. B, which provides:

> "If it appears to the court that the sale was legally made and fairly conducted, that the sum bid was not disproportionate to the value of the property sold and that a greater sum cannot be obtained, *or if a higher or better offer is made and accepted by the court, the court shall thereupon make an order confirming the sale, and directing conveyances to be executed, and the sale shall be deemed effective from that time.*" [Emphasis supplied]

The events which preceded the challenged ruling are as follows. On October 21, 1969, the administrator of the Estate of Clarence L. Harrington, Sr., deceased, filed in proper form a petition for an order confirming the sale of real property. It recited that the property had been sold for $6,500 gross to Mrs. Pallette, at a private sale, subject to court confirmation. The preliminary sales agreement appended thereto indicated that it was a cash sale. The petition was noticed for hearing on November 7, 1969, which was duly held be-

fore the court commissioner. Petitioner was present and made a cash offer for the property. The November 7, 1969 minute entry order of the hearing recites in part:

"John Aboud is present and offers $5,-850.00 cash net without any real estate commission or any customery [sic] sales expenses to the seller, and that is the best offer.

\* \* \* \* \* \*

IT IS ORDERED that the Administrator is directed to confirm the sale to the highest and best bidder, which is John Aboud."

It would appear that this minute entry did not adequately reflect all that transpired at the hearing. Therefore, on November 10, an additional minute entry was made describing the proceedings as "Continuation Of A Hearing On An Order To Confirm The Sael [sic] Of Real Property." It recites:

"John Aboud present, representing himself as a bidder.

It appearing to the Court that the minute entry of November 7, 1969, on the hearing on the petition to confirm the sale of real estate was not complete,

IT IS ORDERED that said minute entry be amended as follows:

'The Court read the legal description of the real estate and inquired if there were any better offers than the offer that had been filed with the Petition for Confirmation, and John Aboud presented an offer of $5,850.00 cash without any real estate commission or any customary sales expenses to the seller, and with this offer submitted a list showing the amount of the realty commission and the other customary expenses, whereupon counsel for the administrator requested time to check the items listed on the attachment to Mr. Aboud's offer, and the matter was continued to the end of the calendar.

"After conference between the attorney for the administrator and Mr. Aboud, it appeared that the offer made by Mr. Aboud was the best offer and the Court found that it was the best offer, and

"It was Ordered that the administrator was directed to confirm the sale to Mr. Aboud for $5,850.00 cash, sans real estate commission and customary closing costs, whereupon Mr. Hanshaw, counsel for the administrator, requested a delay in the confirmation in order that he might check his file to see whether the administrator had obligated the estate to pay a real estate commission and the Court granted the delay in confirming the sale by written confirmation." ' "

This minute entry additionally reflects that a "motion to set aside minute entry" was filed and that it was "assigned" by the court commissioner to the probate judge for hearing thereon. The motion, filed by the administrator, was directed to the November 7th minute entry, in particular the part thereof which directed confirmation of the sale to petitioner. The sale was challenged as not being the best offer for the reason that the estate would be liable for payment of a realty commission as to the Pallette offer. An affidavit of the administrator's attorney was also filed which recited, inter alia, that Mrs. Pallette had added $1,000 to her offer, that her offer to the estate was $7,500 less the realty commission and the usual closing expenses, and that it was in the best interest of the estate that the November 7th minute entry order be set aside and a sale to Mrs. Pallette confirmed at $7,500.

At the hearing on the administrator's motion, Mrs. Pallette was represented by counsel who requested an opportunity to submit a memorandum to the court. (This hearing was conducted by the probate judge.) The court granted him leave to submit briefs or documents on behalf of his client, copies to be served on petitioner and the administrator's attorney. A memorandum was timely filed, in substance supporting the administrator's motion. It was contended that Mrs. Pallette was willing to be present and increase her bid, if neces-

sary, on November 7, 1969, and that she was in fact present on November 10th, but did not attend the conference in chambers at which time the November 7th minute entry order was amended. An affidavit of Mrs. Pallette was appended to the memorandum. It recited the fact of her execution of a preliminary sales agreement on October 20, 1969, and:

"2. That she was informed that her presence was not necessary at the November 7, 1969 confirmation hearing;

3. That she was present at the Courthouse on November 10, 1969 and was not allowed to be present at the deliberations in the Commissioner's chambers;

4. That she was, and still is, willing to increase her offer, if necessary, for the subject property."

The probate judge took the matter under advisement and on December 12, 1969, entered the order which is herein challenged. It states:

"After due deliberation and in view of the wording of the Commissioner's Order with subsequent disagreement as to what took place at the sale and whether the sale was, in fact, confirmed,

It is Hereby Ordered that all sales and offers are deemed null and void; and,

It is further Ordered that a new Court Confirmation Hearing be held on any new offers with a new notice, posting, etc, which offers and hearing should be after December 16, 1969, the expiration of the exclusive listing.

The Court feels that in view of the unclear status, a new hearing at which all offers can be considered and received is in the best interests of the estate."

█ For purposes of reviewing the propriety of this order, we need not be concerned with whether or not the sale was confirmed. Assuming arguendo that it was, we believe that an order confirming a probate sale may be vacated pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S. See In re Estate of Moreland, 49 Cal.App.2d 484, 121 P.2d 867 (1942); In re Estate of McCrae, 133 Cal.App.2d 634, 284 P.2d 914 (1955). It would appear from Mrs. Pallette's affidavit that her failure to be present at the November 7th hearing and participate in the bidding was occasioned by excusable neglect, i. e., she was informed that her presence was unnecessary. Her subsequent appearances, after a continuance was ordered, fortifies this conclusion.

█ The California courts are not reluctant to grant relief on motion of a prospective bidder or the administrator, where it appears that through inadvertence further competitive bidding is prevented at the original hearing to the disadvantage of the estate. In Estate of Lee, 159 Cal.App.2d 109, 323 P.2d 448 (1958); In Estate of Herz, 147 Cal.App.2d 100, 305 P.2d 278 (1956); In re Estate of Moreland, supra; In re Estate of McCrae, supra.

█ Although we are of the opinion that a judicial sale, fairly conducted, should not be lightly set aside, we believe the circumstances of this case justified the probate court's conclusion that it would be to the advantage of the estate to reopen the bidding. We cannot say that his discretion was abused in view of the policy of the law to have matters disposed of upon their merits. See Camacho v. Gardner, 104 Ariz. 555, 456 P.2d 925 (1969) and cases cited therein. We therefore decline to interfere. The petition for relief is denied.

HOWARD, C. J., and KRUCKER, J., concur.