[Civ. No. 327.   Second Appellate District.—March 17, 1908.]

## D. B. JERRUE et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES and G. A. GIBBS, Judge of said Court, Respondents.

ESTATES OF DECEASED PERSONS—SALE OF SALOON BUSINESS—CONDITIONAL BIDS—PROCUREMENT OF LICENSE—CHANGE OF CONFIRMATION —PRESUMPTION.—Where a saloon business with fixtures belonging to the estate of a deceased person was sold to one, who bid $7,000 therefor conditionally on the procurement of a license by the bidder, and when the sale was reported by the administrator a higher conditional bid was made for $7,025, and such sale was confirmed, but the first conditional bidder procured the license, and an absolute sale was made to him for the amount of his bid, on which $3,799.50 was paid thereon, and the administrator reported such sale, and procured the vacation of the order confirming the second bid, and a confirmation of the sale to the first bidder, it will be presumed that the court had jurisdiction to set aside the first confirmation and to confirm the prior bid, in the absence of a clear showing to the contrary.

ID.—NOTICE TO REVOKE PRIOR BID AFTER SECOND CONFIRMATION—CONTINUOUS BID—JURISDICTION—WRIT OF REVIEW—ADEQUATE REMEDY. Where the bidder, whose bid seems to have been continuous until the part payment and confirmation of his bid, thereafter gave notice of the revocation of his bid, and petitioned for a writ of review to annul the second order confirming his bid, even if it be conceded that the court had no jurisdiction to confirm his bid, a writ of review will not lie to annul the order confirming the same, there being a plain, speedy and adequate remedy if the prior bid was not then existing to defend against the enforcement of the order.

ID.—ORDER CONFIRMING SALE NOT AN ADJUDICATION AGAINST BIDDER.— An order confirming a reported sale is not an adjudication against a bidder, who may not have made any bid, or who may have, in proper time, revoked the same. In an action against him, the proceedings could at most constitute evidence only of a *prima facie* case.

ID.—REVOCATION OF PRIOR CONFIRMATION NOT MATERIAL TO APPLICANT FOR WRIT.—The confirmation of the prior bid is the only order in which the prior bidder, as applicant for the writ of review, is interested. He has no concern with the order vacating and setting aside the order confirming the second bid, whether such order was properly or erroneously made; and he cannot object thereto on his application for such writ of review.

PETITION for writ of review to annul an order of the Superior Court of Los Angeles County confirming a sale of personal estate of a decedent. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

E. F. Wehrle, and Frank James, for Petitioners.

C. W. Pendleton, E. A. Meserve, R. J. Dillon, and Mott & Dillon, for Respondents.

SHAW, J.—Petition for writ of *certiorari:*

By an order made on April 14, 1906, the administratrix of the estate of Charles A. Robb, deceased, was authorized to sell at private sale certain personal property, consisting of the stock, fixtures, license to sell liquor at retail, lease and goodwill of a certain retail liquor business, all of which belonged to said estate.

The petitioners bid $7,000 for said property, which bid, however, was made subject to their obtaining from the board of police commissioners of the city of Los Angeles a transfer of the license to conduct the business described in said order of sale. The administratrix accepted said bid and sold the property to petitioners, and on April 30, 1906, made due return of said sale to the court, asking that the same be confirmed. At the hearing upon the return and petition for confirmation, one Kutzmann in open court made a bid in writing, whereby he offered the sum of $7,025 for the property, provided the said police commission would grant or assent to the transfer to him of the said liquor license. By the terms of said bid, the amount thereof, less ten per cent accompanying the same, was payable upon confirmation of sale and the making of the transfer of said liquor license, and in case of failure to obtain said transfer the bid was by its terms to be null and void. On the same day, April 30th,

the court made its order reciting the return made by the administratrix, the bid in open court made by Kutzmann, the acceptance of which it found was for the best interest of the estate, and ordered that his bid be accepted and the sale to him confirmed.

Thereafter, the administratrix filed a petition reciting the foregoing facts and stating that said police commission had refused to transfer said license to Kutzmann, by reason whereof she was unable to comply with the terms of his bid; that the license had been transferred to Jerrue & Company, and that she had sold all of said personal property to Jerrue & Company, who had paid her the sum of $3,759.50 as a partial payment therefor. She further asked that the order confirming the sale to Kutzmann be vacated and an order made confirming the sale to Jerrue & Company. On June 6, 1906, the court made the order as prayed for.

The order being one within the power of the court to make in a proper case, its authority to act will be presumed unless the want of such authority is clearly made to appear. It appears that both bids were conditional upon the success of the bidder in securing a transfer of the license to himself. The order confirming the sale to Kutzmann contained a like condition, which could not be fulfilled by reason of the fact that Jerrue & Company secured the transfer. These facts, together with the further fact that the administratrix had sold the property to Jerrue & Company, who had made a partial payment of $3,759.50 upon the purchase price, was set forth in her supplementary report in the matter made to the court on June 6, 1906. The fact that petitioners did secure the transfer of the license and paid the sum of $3,759.50 as a partial payment for the property, it not appearing that he had paid anything thereon at the time of the making of the order confirming the sale to Kutzmann, justifies the presumption that they made their bid an open and continuous one, subject only to their being successful in their efforts to secure a transfer of the license. Additional color at least is given to this presumption by reason of the fact that on July 14, 1906, and after the making of the order complained of, petitioners, in writing, gave notice to the administratrix that they withdrew their bid made on April 14, 1906, and rescinded the same. This action on the part of petitioners is

indicative of the fact that up to the time of the giving of such notice they regarded their bid on file as an existing, open and standing bid for the purchase of the property as made to the administratrix.

Want of jurisdiction alone, however, will not justify the issuance of a writ of review. Conceding that no presumption of jurisdiction arises in this case, and admitting a want of jurisdiction in the court making the order confirming the sale to petitioners, nevertheless, it seems clear that they have a plain, speedy and adequate remedy in due course of law. (*Auzerais* v. *Superior Court,* 101. Cal. 542, [36 Pac. 6].) If, in fact, at the time of making the order confirming the sale there was no existing bid whereby petitioners were legally bound to complete the purchase upon a transfer of the license in accordance with their proposal, as set forth in the return of the sale and report of the administratrix, then such fact would constitute a complete defense to any action brought to enforce payment or otherwise compel performance of the alleged contract. The fact that the court confirms a sale upon the return thereof made by an administrator pursuant to an order of sale is not an adjudication against the alleged purchaser. He may not have bid at all, or, if he did bid, he may have been, by timely withdrawal or otherwise, legally released from any obligation thereon. In an action to enforce the alleged contract of purchase against him the proceedings at most could constitute evidence only of a *prima facie* case.

The order, in so far as its effect is to vacate and set aside the order confirming the sale to Kutzmann, whether properly or erroneously made, is not a subject wherein petitioners are concerned. Since they are not affected by such action, they are in no wise interested therein.

The demurrer interposed by respondents is sustained and the proceeding dismissed.

Allen, P. J., and Taggart, J., concurred.