[L. A. No. 13817. In Bank.—June 21, 1933.]

E. M. BALDWIN et al., Appellants, v. W. G. STEWART, Administrator, etc., Respondent.

Gerald Bridges for Appellants.

A. Heber Winder for Respondent.

THOMPSON, J.—The respondent herein is the administrator of the estate of Ferdinand Clement, deceased, and as such gave notice on May 26, 1930, of a proposed sale of real and personal property, to wit: 160 acres of land in Riverside County (specifically described) and approximately 40 stands of bees and miscellaneous household furniture, equipment and tools located on the real property. The date of the proposed sale was set for June 16th, and the terms announced as ten per cent upon submission of bid and balance upon confirmation. On May 29th, appellants herein submitted a bid of $6,000 for the property, which bid was dated May 21st, and permitted $600 theretofore deposited to apply on the bid. According to the findings appellants' was the best bid received and on June 16th, the date set for the sale, it was accepted by respondent. Thereafter, and on June 26th, the respondent made return of the sale and

petitioned the court for an order of confirmation, which petition was set down for July 7th. Respondent notified appellants of the filing of the petition and the date of the hearing, saying to them that the sale would undoubtedly be confirmed on that date. On June 25th a fire occurred in the brush on the hillside near the property. Two days later the appellants again inspected it, and on the following day, June 28th, appellant E. M. Baldwin wrote H. M. Harford, the real estate agent, a letter as follows:

"I am enclosing a withdrawal of our offer on the Clement place.

"After carefully considering the situation as it now stands on the Clements place, and the danger of a re-. occurrence of the recent fire which so nearly got the place, and the almost impossibility of preventing the repetition of the same, my sisters are absolutely off the deal, and say they would not live there now.

"I think you will understand the situation, they would always have a fear of what might happen.

"I want to thank you for your courtesy to us and hope you will be able to close with one of the other parties who liked the place."

This letter is set forth herein to show the real reason for appellants' efforts to withdraw from the bargain. The findings disclose that appellants attempted to withdraw their offer and demanded the return of the $600. It is also in evidence that the fire did no damage to the property here involved. On July 7, 1930, the court confirmed the sale, and respondent immediately prepared and executed a bill of sale and deed conveying the property to appellants and delivered them to the title company to be delivered to appellants, together with a certificate of title upon payment of the balance of the purchase price. On December 6, 1930, the probate court denied the motion of appellants to vacate and set aside the order confirming the sale. Subsequently the appellants filed this action to recover the deposit of $600 and respondent countered with a cross-complaint in which he sought on behalf of the estate to recover the balance of the purchase price and compel appellants to perform their contract. Judgment was entered in favor of respondent administrator on February 19, 1932. A motion for a new trial was denied April 6th and at the same time the court

amended the judgment, the amendment consisting of an adjudication that defendant execute and deliver to plaintiffs the instruments necessary to convey title and furnish a certificate of title to the real property. This appeal is from the judgment as amended.

In addition to claiming that certain portions of the findings are unsupported by the evidence, and that the court erred in admitting a particular bit of testimony, which assignments of error we will consider hereafter, it is contended by appellants: (1) that their offer ''was not accepted by'' respondent ''before its withdrawal'' and (2) ''a purchaser is entitled to receive such title as his contract calls for''.

It is an all-sufficient answer to these contentions to point out that the findings of the court are express upon the proposition that respondent accepted the offer for a title free and clear except for certain taxes and that respondent could deliver such a title. Therefore, unless the findings are unsupported, there is no merit in the argument.

However, before proceeding to examine the sufficiency of the evidence in the questioned instances, we ought to determine whether an argument advanced by respondent to the effect that an order confirming sale cannot be collaterally attacked as appellants have attempted to do in the present action, is sound. First, we observe, according to the provisions of section 1240 of the Probate Code that an order ''confirming the sale of property'' is appealable. Next we may point out in the language of this court in *Estate of Davis,* 151 Cal. 318, 323 [86 Pac. 183, 184, 90 Pac. 711, 121 Am. St. Rep. 105]: ''[T]he procedure of this state contemplates in the administration of the estates of deceased persons a series of different proceedings, each of which is, as to the matters embraced within its purview, separate. And an adjudication as to each step in this series is intended to be final in its nature, and not subject to review in a subsequent stage of the administration of the estate. Thus, an order appointing an administrator may be appealed from (Code Civ. Proc., sec. 963), or may be revoked on petition in certain instances (Code Civ. Proc., sec. 383). But it cannot be said that an attack on an order appointing an administrator should, after the lapse of the time for appeal, be termed direct merely because made in some proceeding connected with the administration of the same estate,—for

example, on the settlement of an account, or an application for confirmation of a sale of real estate. So with other proceedings in the course of the administration of the estate, where the order or judgment made is appealable, such as orders admitting wills to probate, orders settling accounts of administrators or executors, or the like. Each can be attacked directly by appeal, or by some motion authorized by law for the purpose, or, perhaps, by bill in equity, but an attack made in a different proceeding in the same estate would clearly be collateral. Thus, in *Estate of Devincenzi*, 119 Cal. 498 [51 Pac. 845], it was held that an objection to a confirmation of sale of real estate, on the ground that the administrator's petition for the order of sale was defective, was a collateral attack upon the order of sale.'' We also direct attention to the fact that by section 785 of the Probate Code it is made the duty of the court to examine witnesses in relation to the sale and to determine that the sale ''was legally made and fairly conducted'' and, under all the conditions there named, to make its order ''confirming the sale and directing conveyances to be executed''. By section 788 of the same code it is provided that if the purchaser refuses to comply with the terms of the sale, the court may on motion of the administrator vacate the order, and direct a resale of the property, in which event, if the sum bid does not ''cover the bid and the expenses of the previous sale, such purchaser is liable to the estate for the deficiency''. By requiring the court to inquire into the regularity and fairness of the sale; by making specific provision for the liability of the purchaser for a deficiency in the event of his default and a possible resale; and by giving the right of appeal from an order confirming sale, the legislature has evidenced a clear intent to make conclusive an order confirming sale which has become final. And we can see no good reason why parties who have been duly notified of the proceeding and extended every opportunity to present their objections, if any they have, should not be concluded thereby. In this connection it is to be borne in mind that by section 1200 of the Probate Code it is provided that notice of the time set for hearing of the petition for confirmation shall be given to all interested persons requiring them ''to appear at the time and place mentioned in the notice and show cause, if any they have, why the order should not be made''.

In addition to the notice thus required, it is in evidence in the instant cause, that appellants were officially notified of the time and place of the hearing and subsequently moved to vacate the order.

However, appellants rely upon an expression found in the case of *Jerrue* v. *Superior Court,* 7 Cal. App. 717, 720 [95 Pac. 906], to the effect that an order confirming sale is not an adjudication against the purchaser. An examination of that case discloses that it was an application for the writ of *certiorari* to review an order confirming a sale to petitioners, and the writ was properly deniable on the ground that there existed a plain, speedy and adequate remedy by appeal. We cannot accept the language of the opinion relied upon as authoritative, especially in view of the manifest intent of the legislative enactments and the fact that the announced principle of *Estate of Davis, supra,* has been recognized and approved by this court in a long line of authorities, including *Lane* v. *Starkey,* 59 Cal. App. 140 [210 Pac. 277]; *Fletcher* v. *Superior Court,* 79 Cal. App. 468, 476 [250 Pac. 195]; *Estate of Parsons,* 196 Cal. 294 [237 Pac. 744]; *Estate of Barton,* 196 Cal. 508 [238 Pac. 681]; *Luckey* v. *Superior Court,* 209 Cal. 360 [287 Pac. 450].

█ The conclusion upon this branch of the case disposes of appellants' contentions that the evidence was insufficient to support those findings to the effect that theirs was the best bid for the property; that it was accepted and that it was not withdrawn.

█ However, several others are attacked, all of which go to the proposition that the property was free and clear of encumbrances, it being the contention of appellants in this particular that the proffered certificate of title excepted "an easement in favor of the public for any public roads now existing on said property", although there was a finding specifically negativing the idea that such an easement existed, as well as certain others which are to the same general effect. Such a question would not, of course, be concluded by the order confirming sale. The response to this argument of appellants is that there is no testimony of the existence of such a road. An officer of the title company testified that his company had made a preliminary report of the condition of the title and found it to be free and clear of

all encumbrances except the taxes for the year 1930 to 1931 (which appellants had agreed to assume) and except for any possible roads. Under a stipulation of counsel that it might be introduced as though the witness were testifying, there was filed an affidavit by this same officer that the records of the county of Riverside and the county of San Diego did not disclose any easement for road purposes over the property and that the title to the property disclosed no such easement, and subsequently the same affiant made and there was filed another affidavit to the effect that the company had issued its guarantee of title and delivered it to respondent's counsel, which guarantee did not contain an exception for any easement existing in favor of the public for road purposes. The findings were therefore proper.

Furthermore, if such a road existed, and were open and visible, the presumption would be, under the authority of *McCarty* v. *Wilson*, 184 Cal. 194 [193 Pac. 578], that appellants had contracted to accept the land subject to the encumbrance.

Finally complaint is made by appellants of the reception of the affidavits to which we have referred. They cannot complain, however. The record discloses that at the close of the argument of the case, counsel for defendant and cross-complainant said: "A question of fact—a matter of fact has just come to my attention with reference to the so-called easement or restriction referred to, and it is stipulated between counsel that defendant may file the affidavit of V. T. Lawson with reference to such easement being referred to in the preliminary report, and that said affidavit shall have the same force and effect as if the facts therein stated were testified to by Mr. Lawson at the trial."

Plaintiff's counsel replied: "I do not want to be foreclosed from answering it with a counter-affidavit." And the court responded to both, "Very well."

It is clear that the first affidavit, as well as the second, bore directly upon the reference to the easement in the preliminary report and under the stipulation the court properly took cognizance of them.

Judgment affirmed.

Preston, J., Curtis, J., Langdon, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.