[L. A. No. 21959.   In Bank.   July 13, 1951.]

Estate of JENNIE MESNER, Deceased.   CHARLES W. CRADICK, Respondent, v. J. P. SINGER, Appellant.

Clarence Hansen and Vernon S. Gray for Appellant.

Dailey S. Stafford for Respondent.

TRAYNOR, J.—Respondent, executor of the estate of Jennie Mesner, made his return of sale of real property on a bid of $79,500. At the probate hearing appellant, Joseph P. Singer, made an oral bid of $83,975, which was accepted. Appellant's bid was reduced to writing and filed, and he deposited a down payment of $8,500 with respondent's attor-

ney. He requested that the order of sale direct that the executor's deed convey title to him and his wife as joint tenants. Thereafter an escrow was opened and in due time the escrow holder informed appellant that it was ready to close the sale on the payment of the balance of the purchase price. Appellant, however, served a notice of rescission on respondent and thereafter petitioned the probate court to vacate the order confirming the sale and to direct respondent to return the down payment. Because of appellant's failure to complete the purchase, respondent petitioned the probate court to vacate the order of confirmation and order a resale pursuant to the provisions of Probate Code section 788. After a hearing the court granted the petition of respondent and denied that of appellant. Appellant has appealed from both orders. A motion to dismiss the appeals on the ground that the orders were not appealable was denied in *Estate of Mesner*, 99 Cal.App.2d 319 [221 P.2d 740].

One of the objectives of both petitions was to have the order confirming the sale to appellant vacated. Accordingly, appellant cannot object that that was done. He contends, however, that the court erred in granting that relief on the ground of his failure to complete the purchase rather than on the ground that the order of confirmation was void or that the sale to him was induced by the fraud of respondent. Had relief been granted to appellant on either of the latter grounds his right to the return of his down payment would have been established. It is necessary to determine, therefore, whether the court erred in finding that a valid sale to appellant had been made.

■ Appellant contends that because the original bidders to whom respondent had sold the property had served a notice of rescission, the court was without jurisdiction to proceed with the hearing for confirmation that resulted in the sale to appellant. It is settled, however, that the service of a notice of rescission by the successful bidder in a probate sale does not divest the court of jurisdiction to proceed with the hearing for confirmation. (*Baldwin* v. *Stewart*, 218 Cal. 364, 366-368 [23 P.2d 283].)

■ Appellant also contends, however, that the failure of respondent to inform him and the court of the notice of rescission amounted to a fraud on both of them. It may be assumed that it would constitute a fraud upon the probate court and bidders at a confirmation hearing for the executor

to seek confirmation of a sale that had been rescinded by the purchaser without informing the court of the rescission. A bidder at the confirmation hearing must compute his bid on the basis of the amount for which the property has been sold. By seeking confirmation of the sale the executor represents at least by implication the minimum price for which the property may be had. In the present case, however, there is no evidence that the sale to the original bidders was not a valid and binding sale. They could not terminate their contract to purchase by a notice of rescission, unless they had the right to rescind. (Civ. Code §§ 1689, 1691; *Baldwin* v. *Stewart, supra,* 218 Cal. 364, 367.) Since there is no evidence that they had that right, appellant has failed to prove that respondent fraudulently represented to him or the court that a valid sale to the original bidders had been made.

▇▇ Appellant testified that the attorney for the executor and the manager of the property induced him to buy the property by misrepresenting the income therefrom and by informing him that he would receive a rebate on the purchase price. He sought also to have the sale set aside because of these alleged fraudulent misrepresentations. Much of his testimony was contradicted, however, by testimony of the attorney. Accordingly, it cannot be said that the trial court erred in resolving the conflict in favor of respondent and finding that ''no fraud was practiced or perpetrated upon the said Joseph P. Singer, or the Court, nor was there any misrepresentation, deceit or concealment of material facts, by said executor, his attorney, agent or representative.'' (See *Huth* v. *Katz*, 30 Cal.2d 605, 609 [184 P.2d 521]; *Blank* v. *Coffin*, 20 Cal.2d 457, 461-462 [126 P.2d 868].)

▇▇ Appellant contends that the order confirming the sale is void on its face because it recites that the bid was made by him but confirms the sale to both him and his wife. It is apparent from reading the order that appellant requested that title be taken in himself and his wife as joint tenants. The error, if any, in confirming the sale to both of them was at most a clerical error apparent on the face of the order and had no effect on its validity.

▇▇ Appellant contends that the order confirming the sale should be set aside because the court failed to examine witnesses in relation to the sale as required by section 785 of the Probate Code. Section 1233 of the Probate Code pro-

vides, however, that "An affidavit or verified petition must be received as evidence when offered in any uncontested probate proceedings. . . ." Since the verified petition of respondent contained all the facts necessary to justify the court in confirming the sale and since appellant did not contest the sale, the court did not err in failing to examine witnesses.

Appellant contends that in the proceedings to vacate the sale to him the court erred in excluding from evidence a certified copy of the transcript of the hearing when the sale was confirmed to him. It is unnecessary to decide whether the transcript was properly excluded on the ground that it was hearsay. (See Code Civ. Proc., § 273.) Witnesses testified to the proceedings that occurred at the hearing when the sale was confirmed to appellant, and he does not point out nor does an examination of the transcript indicate its relevance to any of the issues before the court.

Had appellant established his right to have the sale to him vacated on the ground that it was void or induced by fraud, he would have been entitled to a return of the down payment. Since he did not establish that right, however, any order directing the disposition of the down payment would be premature. Under the provisions of section 788 of the Probate Code, if a resale is conducted, appellant will be liable to the estate for the deficiency. Respondent is entitled to retain the down payment as security for appellant's obligation until the extent thereof is determined. Accordingly, the probate court did not err in instructing respondent not to return the down payment at the time appellant requested that relief. When and if the property is resold the rights of the respective parties to the down payment will be determined.

If, on the other hand, respondent does not resell the property, appellant's right to the return of any part of the down payment will depend on his successfully asserting a claim based on proof that the amount of the down payment exceeded the damages caused by his breach of the contract. (*Freedman* v. *Rector, etc., of St. Matthias Parish, ante,* p. 16 [230 P.2d 629].) An action on such a claim should be brought in the superior court. (*Texas Co.* v. *Bank of America,* 5 Cal.2d 35, 46 [53 P.2d 127]; see also, *Baldwin* v. *Stewart,* 218 Cal. 364 [23 P.2d 283]; *McCarty* v. *Wilson,* 184 Cal. 194 [193 P. 578].)

The orders are affirmed without prejudice to appellant's right to seek restitution after the disposition of the property is settled.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied August 9, 1951.