32 Cal.App.3d 1067 (1973)
108 Cal. Rptr. 669
Estate of EMMA HELENA KLAUENBERG, Deceased.
FRANCIS R. GIAMBRONI, Petitioner and Respondent,
v.
DONALD JURGENSEN, as Executor, etc., Objector and Appellant.
Docket No. 31945.
Court of Appeals of California, First District, Division Two.
June 20, 1973.
*1068 COUNSEL
Burton & Foster and Blair F. Burton for Objector and Appellant.
White, Giambroni & Walters and Daniel Patterson for Petitioner and Respondent.
*1069 OPINION
TAYLOR, P.J.
On this appeal[1] by D.G. Jurgensen, the buyer, from an order of the probate court confirming the sale of real property by the executor, the major contention is that the court erred as a matter of law as the buyer withdrew his bid before the confirmation hearing. As we have concluded that there is no merit to this contention, the judgment of confirmation must be affirmed.
The record indicates that on December 22, 1971, the buyer submitted to the executor a written bid of $65,000 for the seven parcels of property in question, accompanied by a check for $6,500. On December 27, 1971, the executor filed his return of sale and a petition for confirmation thereof notifying the buyer of the acceptance of the bid and the time and place of the original confirmation hearing on January 13, 1972; the check (No. 1863) that accompanied the offer was collected on December 28, 1971. On January 13, 1972, the buyer filed his objections, alleging that he had never received a written acceptance of his offer and that the offer was withdrawn by a letter dated January 11, 1972, pursuant to paragraph seven of a deposit receipt dated December 16, 1971.[2] The court, after refusing to hear the buyer's oral testimony, confirmed the sale on January 13, 1972. Thereafter, the buyer filed his motion to vacate and set aside the order of sale and the court heard the oral testimony of the parties on March 9 and March 30, 1972. The evidence indicated that prior to the service of the return of sale and petition for confirmation, the buyer had been orally notified of the acceptance by the estate by the executor's agent.
Accordingly, the court found that: 1) the buyer's written bid was timely accepted by the estate; 2) the buyer was notified of this acceptance prior to any action on his part to withdraw the sale; 3) there was no rescission of the contract of sale; and 4) the sale was fairly and legally made and should be confirmed.
*1070 (1a) As indicated above, the buyer's major contention is that as a matter of law there was no contract for the court to confirm as his letter of January 11 rescinded the offer prior to the confirmation hearing. The buyer erroneously assumes that the estate was required to accept his offer in writing or in a particular form of writing as recommended by 1 California Decedent Estate Administration (Cont.Ed.Bar 1971) pages 518-521 and 537. This contention is not supported by the facts or any authority. Substantial uncontroverted evidence supports the finding that here, the executor's acceptance was first orally communicated, and then again communicated by the executor's performance by filing the verified return of sale and petition for confirmation filed prior to any attempted rescission by the buyer. The buyer's attempt to argue that his offer was conditioned on obtaining financing was not supported by the evidence. As to any allegations concerning fraud, the trial court properly ruled that as this was an issue to be determined by the parties in superior court it was beyond the limited jurisdiction of a probate court.
(2) Generally, in a sale under a power in a will, the purchaser deals with the executor as with any vendor, except that the court must confirm the sale (Estate of Robinson, 142 Cal. 152 [75 P. 777]; In re Pearsons, 98 Cal. 603 [33 P. 451]). The bid and acceptance by the representative are a contract of sale, subject only to court approval (Mains v. City Title Insurance Co., 34 Cal.2d 580 [212 P.2d 873]) which the representative is required to seek within 30 days after acceptance (Prob. Code, § 755). If the representative proceeds in a timely fashion, the contract is enforceable; the withdrawal of the purchaser before confirmation constitutes an actionable breach of contract (1 Cal. Decedent Estate Administration (Cont.Ed.Bar 1971) p. 537).
The requirements for the formation of a contract are codified by Civil Code sections 1550, 1581, 1582, 1584 and 1655. An offer must be accepted, and the acceptance free, mutual and communicated. Unless a specific condition is imposed as to the method of communicating acceptance, any reasonable and usual mode may be adopted (Civ. Code, § 1582). Performance and acceptance of the consideration constitute alternate modes of acceptance (Civ. Code, § 1584). As noted above, the executor's acceptance here was first orally communicated. (1b) Subsequently, his depositing of the check and filing of the verified return of sale, constituted performance. Either of these acts by itself constituted a sufficient acceptance of the bid (Benard v. Walkup, 272 Cal. App.2d 595 [77 Cal. Rptr. 544]; Estate of Mesner, 37 Cal.2d 563 [233 P.2d 551]). (3) A contract is a result of the objective manifestations of the parties and if these are *1071 sufficient, the subjective intentions or beliefs of the parties are immaterial (Fowler v. Security-First Nat. Bank, 146 Cal. App.2d 37 [303 P.2d 565]).
(4) The buyer's further contention that there was never a delivery is likewise without merit. Civil Code section 1626 provides, so far as pertinent, that a contract in writing takes effect upon its delivery to the party in whose favor it is made, or to his agent. The uncontroverted facts indicate that the bid made in favor of the estate was delivered with the deposit to the executor of the estate by an employee of David Robinson, the agent retained by the estate to sell the property. Where an agreement is retained by either party with the consent of the other, it must be considered as delivered, if both understand that it has been executed and is in operation (cf. Oneto v. Restano, 89 Cal. 63 [26 P. 788]).
The order appealed from is affirmed.
Kane, J., and Rouse, J., concurred.
A petition for a rehearing was denied July 20, 1973.
NOTES
[1] The notice of appeal filed March 13, 1972, is from the original order of January 13, 1972, confirming the sale; however, the court's second order dated May 3, 1972, was entered nunc pro tunc January 13, 1972, pusuant to the stipulation of the parties that all of the evidence admitted at the subsequent hearings on the buyer's motion to vacate be deemed admitted and the court's decision rendered as of the time of the original confirmation hearing.
[2] This paragraph of the deposit receipt (apparently executed in triplicate original with one copy retained by each party) provided for written acceptance of the offer within seven working days of the date. The deposit receipt also expressly provided for court confirmation and replacement of the deposit check by a cashier's check within 10 days of acceptance. This latter condition was apparently waived as the check acknowledged by the deposit receipt was No. 289 and was replaced by another personal check, No. 1863, that was collected on December 28.