[No. B205027. Second Dist., Div. Five. Oct. 9, 2008.]

Estate of RICHARD FELDER, Deceased.
RICHARD FELDER, JR., as Administrator, etc., Petitioner and Respondent,
v.
JOHN GRIGSBY, Objector and Appellant.

COUNSEL

Corey & Corey and Edward E. Corey for Objector and Appellant.

Comstock & Sharpe, Inc., and Richard W. Sharpe for Petitioner and Respondent.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

Objector, John Grigsby, was the defaulting purchaser of real property owned in part by the estate of Richard Felder (the estate). Mr. Grigsby appeals from a November 9, 2007 order on the first and final account. Mr. Grigsby challenges the probate court's order insofar as it allows the estate to retain his entire $48,000 deposit toward the purchase price. We conclude the probate court properly allowed the estate to retain the entirety of Mr. Grigsby's $48,000 deposit as damages under Probate Code[1] section 10350, subdivision (e). Accordingly, we affirm the order.

## II. BACKGROUND

The estate owned an undivided one-half interest in a parcel of real property. In settlement of a partition action, the owner of the other one-half interest in the parcel agreed to sell the property on the same terms and conditions as the estate. Mr. Grigsby agreed to purchase the entirety of the property for a total price of $480,000 with $240,000 payable to the estate. However, Mr. Grigsby was unable to complete the transaction. The probate court vacated the order confirming the sale to Mr. Grigsby and ordered, "Petitioner shall retain the total deposit . . . until such time as there is a determination of the damages, if any, resulting from the original buyer['s] inability to complete the sale." The property was then sold to Quincy Carlisle for a total price of $368,500 with $184,250 being paid to the estate. The estate incurred $3,800 in expenses. In his first and final account and petition for distribution, the estate's administrator, Richard Felder, Jr., sought to retain Mr. Grigsby's $48,000 deposit toward the failed purchase as damages under section 10350, subdivision (e). The probate court so ordered over Mr. Grigsby's objection. This appeal followed.

---

[1] All further statutory references are to the Probate Code unless otherwise noted.

## III. DISCUSSION

Mr. Grigsby contends the probate court exceeded its authority or otherwise erred in ordering that the estate retain his $48,000 deposit. We disagree. Section 10350 unambiguously states: "(a) If after court confirmation of sale of real or personal property the purchaser fails to comply with the terms of sale, the court may, on petition of the personal representative, vacate the order of confirmation, order a resale of the property, and award damages to the estate against the purchaser. [¶] . . . [¶] (e) If the property is resold, the defaulting purchaser is liable to the estate for damages equal to the sum of the following: [¶] (1) The difference between the contract price of the first sale and the amount paid by the purchaser at the resale. [¶] (2) Expenses made necessary by the purchaser's breach. [¶] (3) Other consequential damages."

██ This is an issue of statutory interpretation. We apply the following standard of statutory review described by our Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; see *People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) Our Supreme Court has emphasized that the words in a statute selected by the Legislature must be given a "commonsense" meaning when it noted: " 'Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (*Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404]; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)' (*People v. Valladoli* (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999].)" (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) Further, our Supreme Court has noted: " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934]; accord, *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1154 [119 Cal.Rptr.2d 922, 46 P.3d 388].)

It is undisputed Mr. Grigsby, the defaulting purchaser, failed to comply with the terms of the sale. The order confirming the sale was vacated and the property was resold. Mr. Grigsby, the defaulting purchaser, was liable to the estate for $59,550 calculated as follows. The sum of $55,750 is the difference between the contract price of the first sale as to the estate's one-half interest

in the real property ($240,000) and the amount paid by Mr. Carlisle at the resale. When the property was sold to Mr. Carlisle, the estate's one-half interest in the proceeds was only $184,250. Additionally, expenses in the sum of $3,800 were incurred as a result of Mr. Grigsby's breach. Therefore, the estate was entitled to statutory damages in an amount that exceeded Mr. Grigsby's $48,000 deposit.

■ Mr. Grigsby argues the probate court had no jurisdiction to, in effect, force a forfeiture of his deposit as to the one-half interest in the real property *not* owned by the estate. He challenges this "forfeiture" only as to one-half of the deposit or $24,000. He states, "The Appellant does not dispute the forfeiture of the $24,000 portion of the deposit made for the purchase of the estate owned one-half interest in the [real] property." However, section 10350, subdivision (e)(1) expressly states the probate court may award the estate damages equal to the difference between the first contract price and the amount paid on resale. The statutory language is unequivocal. Nothing in the language of section 10350, subdivision (e)(1) is consistent with Mr. Grigsby's assertion that the estate could only receive one-half of his $48,000 deposit. The defaulting purchaser is obligated to pay the estate, in the words of section 10350, subdivision (e)(1), the "difference between the contract price of the first sale and the amount paid by the purchaser at the resale," not a pro rata share depending on the sellers' respective interests in the property. Moreover, our Supreme Court, in cases construing predecessor provisions of section 10350 has held: when a purchaser defaults, the estate may hold the deposit as security; the deposit may be held pending a determination of the defaulting purchaser's statutory liability to the estate; and, upon resale, the probate court determines the parties' respective rights to the deposit. (*Estate of Mesner* (1951) 37 Cal.2d 563, 567 [233 P.2d 551]; accord, *Estate of Williamson* (1957) 150 Cal.App.2d 334, 337 [310 P.2d 77]; 25 Cal.Jur.3d (2006) Decedents' Estates, § 1083; see *Caplan v. Schroeder* (1961) 56 Cal.2d 515, 519 [15 Cal.Rptr. 145, 364 P.2d 321]; *Bay Shore Homes, Inc. v. San Diego Trust & Sav. Bk.* (1969) 276 Cal.App.2d 108, 113 [80 Cal.Rptr. 849].) ■ Here, Mr. Grigsby's statutory liability to the estate, $55,750, exceeded the amount of the $48,000 deposit. Therefore, the probate court could order that the estate retain the entire deposit. The estate was entitled to retain the entire $48,000 as statutory damages and not as a deposit. It makes no legal difference that Mr. Grigsby's $48,000 deposit as such covered both the estate's interest in the real property and that of the co-owner. Section 10350, subdivision (e)(1) expressly allows the probate court to award to the estate damages in an amount equal to the difference between the defaulting and successful purchase prices. Section 10350, subdivision (e)(1) says what it says and that is why traditional statutory interpretation principles dictate the outcome of this appeal.

Mr. Grigsby also appealed from the order insofar as it awarded $3,800 in attorney fees. However, no issue has been raised on appeal in connection with the $3,800 attorney fee award. Thus, any arguments in that regard have been waived. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [188 Cal.Rptr. 115, 655 P.2d 317]; *Johnston v. Board of Supervisors* (1947) 31 Cal.2d 66, 70 [187 P.2d 686], overruled on another point in *Bailey v. County of Los Angeles* (1956) 46 Cal.2d 132, 139 [293 P.2d 449].)

## IV. DISPOSITION

The November 9, 2007 order on the first and final account is affirmed. Petitioner, Richard Felder, Jr., as the administrator of the estate of Richard Felder, is to recover his costs on appeal from objector, John Grigsby.

Armstrong, J., and Kriegler, J., concurred.