Filed 3/10/16  Hwang v. Chu CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SANDEE HWANG, | |
| Plaintiff and Respondent, | E062494 |
| v. | (Super.Ct.No. CIVRS1400359) |
| LINGER CHU, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph R. Brisco, Judge.  Affirmed.

Kenny Tan, Adam Hussein, and Tiffany Garrick for Defendant and Appellant.

Garrett & Tully, Ryan C. Squire, and Zi C. Lin; Manion Gaynor & Manning and David Davidson for Plaintiff and Respondent.

Sandee Hwang (Hwang) filed this action against Linger Chu (Chu).  Later, they both signed a document prepared by Chu's attorney entitled "Terms of Settlement Agreement."  When Chu denied having settled the action, the trial court granted Hwang's motion to enter judgment pursuant to a settlement.  (Code Civ. Proc., § 664.6.)

1

Chu appeals, contending:

1.  Hwang did not deliver the purported settlement agreement and did not otherwise communicate acceptance.

2.  Hwang either rejected the purported settlement agreement or manifested a belief that it was not final.

3.  The trial court erred by allowing Hwang to testify at the hearing on the motion.

We find no error.  Hence, we will affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Procedural facts are taken from the record.  All other facts are taken from the evidence submitted in support of and in opposition to Hwang's application to enter judgment.

In January 2014, Hwang filed this action against Linger Chu and Frank Chu. Frank Chu failed to file a timely response, and his default was entered.

In May 2014, Hwang filed a motion for summary judgment.

In June 2014, Justin Shrenger became attorney of record for Chu.

On July 23, 2014, both of the Chus signed a two-page document entitled "Terms of Settlement Agreement" (Settlement Terms).  (Capitalization altered.)

Also on July 23, 2014, Chu's attorney (i.e., Shrenger) emailed the Settlement Terms to Hwang's attorney.  He said:  "Attached is the signed settlement terms and conditions as I understand them.  I personally witnessed the clients sign it.  I used your

2

original proposed letter for all language with the following exceptions pertaining to matters upon which we separately agreed (or at least I thought as much). I have impressed upon the client the fact that there is NO TURNING BACK on this settlement." He then listed four specific modifications that he had made.

Hwang signed the Settlement Terms. On August 4, 2014, she filed a notice of conditional settlement. As a result, the hearing on her then-pending motion for summary judgment was vacated.

Negotiations continued. According to Hwang, the open issues were (1) the form of the judgment to be submitted to the court, and (2) the possibility of a global settlement that would include a related action. According to Chu, however, Hwang wanted her to pay more attorney fees, which she would not agree to do.

On August 22, 2014, Hwang's attorney sent Chu's attorney a draft settlement agreement. It was consistent with the Settlement Terms but lengthier.

On August 23, 2014, Hwang phoned Chu directly and asked if she was going to settle the case. Chu said she needed to discuss it with her attorney.

On August 26, 2014, Chu substituted Kenny Tan as her attorney of record. According to Tan, Hwang's attorney never told him that Hwang had signed the Settlement Terms and never gave him a signed copy.

On September 4, 2014, Hwang filed an ex parte application to restore the action to the court's calendar and to reinstate the motion for summary judgment. That application was denied.

3

On September 11, 2014, Chu's attorney advised Hwang's attorney that Chu would not agree to the Settlement Terms.

On September 17, 2014, Hwang filed an ex parte application to enter judgment pursuant to a settlement agreement. (Code Civ. Proc., § 664.6.)

Chu filed a written opposition. In it, she argued that the parties did not have an enforceable settlement agreement because (1) Hwang never communicated her acceptance of the Settlement Terms, and (2) Hwang's conduct was inconsistent with the existence of a settlement agreement.

At the hearing on the application, the trial court's tentative ruling was to deny it, in part because there was no evidence as to when Hwang signed the Settlement Terms. Hwang's attorney offered to call her to testify.

The trial court had the clerk swear in Hwang. She proceeded to testify that she received the Settlement Terms in July, she signed them the same day, and she returned the signed Settlement Terms to her attorney. Her attorney stated: "As an officer of the court, I sent [them] to . . . Shrenger." The trial court ruled: "The Court is going to reverse its tentative ruling and grant the motion."

Thus, the trial court entered judgment in accordance with the Settlement Terms in favor of Hwang and against the Chus. Chu filed a motion for new trial, which the trial court denied.

## II

## GOVERNING LEGAL STANDARDS

Code of Civil Procedure section 664.6, as relevant here, provides:  "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court . . . , for settlement of the case, . . . the court, upon motion, may enter judgment pursuant to the terms of the settlement."

"Factual determinations made by a trial court on a section 664.6 motion to enforce a settlement must be affirmed if the trial court's factual findings are supported by substantial evidence.  [Citations.]  Other rulings are reviewed de novo for errors of law. [Citation.]"  (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 815.)

## III

## COMMUNICATION OF ACCEPTANCE

Chu contends that Hwang did not deliver the signed agreement nor otherwise communicate acceptance.

"In order to constitute a contract, the acceptance of an offer must be communicated to the offeror."  (*Coml. Cas. Ins. Co. v. Ind. Acc. Com.* (1953) 116 Cal.App.2d 901, 907.)  "A contract in writing takes effect upon its delivery to the party in whose favor it is made, or to his agent."  (Civ. Code, § 1626; accord, *Estate of Klauenberg* (1973) 32 Cal.App.3d 1067, 1071.)  However, "[t]he physical transfer of a document is not indispensable is its validity. . . .  [R]etention of an instrument by one of the parties after both have signed it is not conclusive evidence of its non-delivery.  It

must be considered as delivered if the parties understand it has been executed and is in operation." (*Kreling v. Walsh* (1947) 77 Cal.App.2d 821, 833.)

Here, Hwang testified that she signed the settlement agreement. Moreover, her attorney stated in open court, without objection, that he had returned it to Chu's then-counsel (Shrenger). "' . . . [A]ttorneys are officers of the court, and "'when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.'"' [Citation.]" (*People v. Mroczko* (1983) 35 Cal.3d 86, 112, disapproved on unrelated grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) Such "representations of fact, made without objection or rebuttal . . . , properly could sustain the court's ruling. [Citations.]" (*People v. Medina* (1995) 11 Cal.4th 694, 731.)

Chu's attorney (Tan) did not object to nor disagree with the representation. It is true that, in his declaration, Tan stated that Hwang's attorney had never provided a copy of the settlement agreement. However, this fell short of proving that Hwang's attorney never gave it to *Shrenger*.

Moreover, even aside from Hwang's attorney's representation, Hwang filed a notice of conditional settlement, which was served on Chu (via Shrenger). It stated, "This entire case has been settled." This was sufficient to communicate acceptance of the settlement agreement. Chu did not object that there was no settlement. Thus, both parties evidently understood that the settlement agreement had been executed and was in operation. This was sufficient to constitute delivery of the settlement agreement.

6

IV

HWANG'S SUBSEQUENT CONDUCT

Chu contends that Hwang either rejected the Settlement Terms or manifested a belief that they were not final.

As already noted, Hwang signed and delivered the Settlement Terms. This was a sufficient manifestation of acceptance. Chu, however, points to three facts, which, she claims, show that Hwang did not believe the Settlement Terms were binding.

Again, we must accept the trial court's factual findings if they are supported by substantial evidence. "We must . . . view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor . . . . [Citations.]" (*Jessup Farms v. Baldwin* (1983) 33 Cal.3d 639, 660.) "The fact that it is possible to draw some inference other than that drawn by the trier of fact is of no consequence." (*Ibid*.)

First, Chu points to the fact that Hwang's attorney prepared and sent a new draft settlement agreement. She concedes, however, that "This new agreement contained the same terms . . . as well as additional terms." She also concedes that the proposed judgment that was included in the draft settlement agreement contained "the same terms as provided in the [Settlement Terms]."

The Settlement Terms expressly contemplated the execution of further documents. For example, they provided for a stipulated judgment, a mutual release of claims, a disclaimer by Hwang of any interest in certain specified funds, and a declaration by

Hwang. The draft settlement agreement prepared by Hwang's attorney therefore included a proposed stipulated judgment, a proposed mutual release of claims, a proposed disclaimer by Hwang, and a proposed declaration by Hwang. It also included such new but boilerplate terms as a further-documents clause, an integration clause, an execution-in-counterparts clause and a clause listing addresses for purposes of notice. The Settlement Terms were immediately enforceable, even though they postponed the drafting of such required and/or typical terms. (*Facebook, Inc. v. Pacific Northwest Software, Inc.* (9th Cir. 2011) 640 F.3d 1034, 1037-1038; see also *Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307-308.)

Chu also points to the fact that Hwang personally phoned her and asked if she was going to settle the case. By that time, however, a month had gone by and Chu had not yet complied with the Settlement Terms. Thus, Hwang had every reason to contact Chu and to ask what her position was.

Finally, Chu points to the fact that Hwang filed an ex parte application to have her motion for summary judgment placed back on calendar. In the application itself, however, Hwang made it quite clear that, in her view, there was an enforceable settlement agreement. For example, she stated, "Unfortunately, [Chu] refused to complete the conditions required by the settlement reached between the parties . . . ." She also stated, "[I]t appears that [Chu] agreed to the settlement solely for the purpose of delay . . . ." In a declaration in support of the application, Hwang's attorney stated: "[T]he parties had reached a settlement. Pursuant to the settlement, [Chu] was to

8

stipulate to a judgment in this action.  However, [Chu] did not sign the stipulation to enter judgment as required by the agreement."

Thus, the ex parte application was not inconsistent with a settlement.  Quite the contrary, Hwang explicitly noted that there was a settlement; she simply argued that her performance under the settlement could be excused by Hwang's nonperformance.

V

ALLOWING HWANG TO TESTIFY ORALLY AT THE HEARING

Chu contends that the trial court erred by allowing Hwang to testify at the hearing.

Chu, however, forfeited this contention by failing to object at the hearing.  (Evid. Code, § 353, subd. (a).)  Chu claims that she had no opportunity to object.  Not so. Hwang's counsel announced, "Ms. Hwang is here.  She will testify under oath . . . ."  Chu could have objected then; she could have objected when Hwang was sworn; and she could have objected to any of the questions that Hwang was asked.

Chu also argues that she preserved the issue by raising it in her motion for new trial.  Again, not so.  A failure to object immediately also forfeits an asserted error for purposes of a new trial motion (unless the trial court exercises its discretion in favor of considering it).  (*Malkasian v. Irwin* (1964) 61 Cal.2d 738, 747; *Collins v. Union Pacific Railroad Co.* (2012) 207 Cal.App.4th 867, 883 [Fourth Dist., Div. Two].)

Separately and alternatively, we also reject this contention on the merits.

Chu relies on California Rules of Court, rule 3.1306(b), which, as relevant here, provides:  "A party seeking permission to introduce oral evidence . . . must file, no later

9

than three court days before the hearing, a written statement stating the nature and extent of the evidence proposed to be introduced and a reasonable time estimate for the hearing." Hwang did not file such a statement.

California Rules of Court, rule 3.1306(a), however, provides: "Evidence received at a law and motion hearing must be by declaration or request for judicial notice without testimony or cross-examination, *unless the court orders otherwise for good cause shown*." (Italics added.) Thus, the trial court had discretion to allow oral testimony sua sponte. Chu has not shown that it abused that discretion here.

VI

DISPOSITION

The judgment is affirmed. Hwang is awarded costs on appeal against Chu.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

MILLER
J.

10