[Civ. No. 11952. First Dist., Div. Two. Feb. 3, 1942.]

Estate of JAMES A. MORELAND, Deceased. S. C. SAMPLE et al., Respondents, v. J. S. CANHAM, Appellant.

Henry F. Boyen and Frank J. Fontes for Appellant.

Oscar Samuels and Tevis Jacobs for Respondents.

NOURSE, P. J.—This appeal is taken by the successful bidder from an order granting motions to vacate an order confirming a probate sale of real property to him. The motions were made by the administrator of the estate and the original bidder upon the grounds that the administrator had, by inadvertence and mistake, notified both the original and a prospective bidder that the hearing upon the return of sale would be held on September 5, 1940, instead of on September 4, the day for which said hearing had been duly

noticed and was in fact held; that, because of such error, the original and the prospective bidder, each of whom intended and was prepared to make a substantially higher bid, were led to remain away from the court and failed to take any part in the proceedings. At the hearing of the motions to set aside the order of confirmation the court had evidence of the intention and purpose of both the original and the prospective bidder that they would increase the amount bid by the appellant, and we must assume that the court found that it would be of benefit to the estate to call for new bids.

The appellant states three questions upon which he relies for a reversal of the order. (1) "Is a mere statement of intent to increase a bid a sufficient ground to vacate a probate sale of real estate after confirmation?" As stated, the question must of course be answered in the negative, but this record does not present that question. The order appealed from was based upon the motions showing that the order of confirmation was made "through mistake and/or inadvertence" and not upon the "mere statement of an intent to increase a bid."

(2) "Where the purchaser is ready, willing, and able to buy, may the Court vacate the order of confirmation for the sole purpose of seeking further bids?" This statement is open to the same objections. It does not present a debatable question on appeal since the grounds of the motions are incorrectly stated. If the probate court had jurisdiction to grant relief under section 473 of the Code of Civil Procedure such jurisdiction attached as a result of a motion made in compliance with the terms of that section—a motion based upon the ground that the order sought to be set aside had been taken against the mover "through his mistake, inadvertence, surprise or excusable neglect."

(3) "Has the Probate Court any power to vacate an order of confirmation of sale of real estate under Section 473 C. C. P. on motion of either a prospective bidder or the administrator?" This is the real question raised by the appeal. If this section of the code applies to such an order in probate the attack on appeal must rest upon a clear case of abuse of discretion. On this subject it is said in 14 Cal. Jur., page 1075, that "The policy of the law is to have every litigated case tried upon its merits; and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to

take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. The discretion of the court ought always to be exercised in conformity with the spirit of the law and in such manner as will subserve rather than defeat the ends of justice."

■ It is the settled law that the section is addressed to the legal discretion of the trial court "and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below," *Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 Pac. 148], where numerous cases are cited. ■ Here the appellant does not claim that the trial court abused this discretion, except by the inferences running through the briefs and arising from the fact that no definite or binding promise was made by the prospective bidders that they would increase the bid at a new hearing. Aside from the fact that this is a matter which should concern the respondent administrator rather than the appellant, it is wholly insufficient to show an abuse of discretion justifying a reversal.

■ Turning to the direct question raised—the jurisdiction of the court to grant relief from a probate order under section 473—we find the authority expressly confirmed in *Levy* v. *Superior Court*, 139 Cal. 590 [73 Pac. 417]. In that case the superior court, sitting in probate, made an order setting aside a homestead. In due time the executors and an heir moved to set aside the order upon grounds stated in section 473. The only question raised on the appeal was whether the court had jurisdiction to proceed under that section. The Supreme Court held that both the executor and the heir were interested parties entitled to move for relief from the order under the code section. To the same effect is *Estate of Hickey*, 129 Cal. 14 [61 Pac. 475]. Jurisdiction under the section was assumed in *Lilienkamp* v. *Superior Court*, 14 Cal. (2d) 293 [93 Pac. (2d) 1008], where the real question involved was what notice was required under the section, but the court said (p. 301) that the jurisdiction of the superior court following the order of partial distribution "extended to the hearing and determination of a motion pursuant to section 473 of the Code of Civil Procedure, after due notice, as required by that section." In *Estate of Nolan*, 145 Cal. 559 [79 Pac. 428], it was held that, in the absence

of an appeal from an order in probate, and in the case of a non-appealable order, the only remedy was under section 473. Similar rulings as to the application of the section are found in *Estate of Tymms,* 78 Cal. App. 79, 82 [247 Pac. 1091]; and *Estate of Hunter,* 99 Cal. App. 191, 195 [278 Pac. 485].

The appellant relies upon a portion of the syllabus in *Estate of Leonis,* 138 Cal. 194 [71 Pac. 171], stating that the probate court has no power to vacate a sale except under section 1552 of the Code of Civil Procedure (now sec. 785, Probate Code). The opinion does not support the statement. On page 200 it is said: "It is claimed that the court had the power to relieve the heirs from the order under the Code of Civil Procedure (sec. 473), which provides that the court may relieve a party 'from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect.' If it be conceded that the above statute applies to a case like this, the showing was not sufficient to justify the order of the court." It should be noted that the author of the foregoing also wrote the opinion in *Estate of Nolan* (*supra*) and there is no indication of a ruling that the power to proceed under section 473 did not exist. On the other hand, the statement referred to is clearly explained in *Estate of Verwoert,* 177 Cal. 488, 492 [171 Pac. 105], where the court said: "The decision in the Estate of Leonis does not, as appellant contends, hold that the court is without any power whatever to vacate a sale of real property made by an administrator or guardian, except where the proceedings are unfair or the price disproportionate to the value, as provided in section 1552 of the Code of Civil Procedure. All that the case really decides on that point is that under the facts shown in that case, the court had no power to vacate the sale, except for those reasons."

We find no error in the record.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1942.