[Civ. No. 8544. Third Dist. June 14, 1955.]

Estate of SEYMORE McCRAE, Deceased. JOE WITT et al., Appellants v. H. A. GRINNELL et al., Respondents.

Laughlin, McKalson & Crable and Robert E. Laughlin for Appellants.

Whitten & Fortino for Respondents.

SCHOTTKY, J.—This is an appeal from an order vacating an order confirming sale of certain real property of the estate of the above named deceased.

The record shows that on May 15, 1953, the administrator of decedent's estate filed a return of sale of real property at private sale and petitioned the court for confirmation thereof, setting forth that the property was sold on or after May 12, 1953, to H. A. Grinnell for the sum of $1,085. Thereafter, and on May 25, 1953, a hearing on said petition was duly held and a sale of said property was confirmed to "Joe Witt et ux for $1,193.50."

On June 1, 1953, H. A. Grinnell and Ruth Grinnell, respondents herein, filed their notice of motion to vacate the order confirming sale made on May 25th. Attached thereto was the affidavit of Ruth Grinnell wherein it was stated that affiant and H. A. Grinnell as the high bidders at the private sale of the property "were desirous and anxious of attending the hearing of the Petition for confirmation of said Sale which was noticed for 9:30 o'clock A. M. on Monday, the 25th day of May, 1953; that, however, immediately prior thereto H. A. Grinnell became very ill and it was necessary for Ruth Grinnell to attend him during such illness and by reason thereof neither of said bidders were able to attend said sale, and by reason of said illness and excusable negligence failed to attend said sale and were unable to arrange for any representative to be present; that said parties were prepared to protect their bid for real property, and now make an offer to purchase the same for the sum of $1,650.00."

At the hearing on the motion to vacate respondent H. A.

Grinnell testified that for many years he had been trying to acquire the property in question because he owns other properties surrounding it, one of which is subject to an easement appurtenant to the subject property. He further stated that he fully intended to attend the hearing on confirmation to protect his bid on the property, but that on the evening of May 24th he became extremely ill from a migraine headache, which illness continued through the morning of May 25th, and was in such desperate pain that he did not think of anything. On cross-examination Mr. Grinnell stated that a migraine headache attack, usually lasting from 12 to 24 hours, causes him to lose his reason, and that during this illness his wife attended to his needs. He admitted having received a notice of the hearing on confirmation, but stated that since he fully intended to attend the hearing himself he had made no arrangements for anyone else to appear in his behalf.

In addition to corroborating her husband's testimony concerning their interest in the subject property and the severity of his illness, Mrs. Grinnell testified that she did not handle any of the family property matters and that although she knew of the scheduled hearing she temporarily overlooked it, being upset and concerned with her husband's illness and being late to work because of it. She further testified that immediately upon remembering the fact of the hearing she tried in vain to contact both the administrator and his attorney, and immediately thereafter consulted an attorney and filed the petition to vacate the order. Mrs. Grinnell admitted on cross-examination that she knew the hearing was scheduled and that having worked in law offices for some 30 years she was thoroughly familiar with estate matters, but emphasized the fact that it was solely by reason of her husband's illness and the confusion caused thereby that she temporarily forgot the matter of the sale. She stated that in her opinion her husband's condition was such that it prevented him from conducting any business on the morning of May 25, 1953.

Appellant Joe Witt testified that on May 25, 1953, he was in South Dakota, but had arranged for a title company representative to appear at the hearing on confirmation. He stated that upon being notified that he was the successful bidder, he immediatley cut his trip short, returned to Butte County, and had changed his position in reliance on the sale by buying material and furniture for the premises in question. However, the record indicates that it was after being informed

that the respondents were "contesting" the confirmation that appellants so changed their plans.

The court made its order vacating the order confirming the sale to Joe Witt and Ethel Witt and instructed the administrator to notice and hold a new sale. The Witts have appealed from said order.

Appellants concede that under proper circumstances the court has power to vacate an order of confirmation of sale of real property under section 473 of the Code of Civil Procedure on motion of a prospective bidder, and that the granting of such motion is a matter addressed to the legal discretion of the trial court. Appellants then argue that the trial court abused its discretion and that the order appealed from "is not in conformity with the spirit of the law and defeats rather than subserves the ends of justice."

Section 473 of the Code of Civil Procedure, so far as here applicable, provides:

"The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

In 20 California Jurisprudence 2d at page 719, it is stated:

"The probate court has power to vacate an order of confirmation of sale under § 473 of the Code of Civil Procedure on motion of either a prospective bidder or the administrator."

In *Estate of Moreland*, 49 Cal.App.2d 484 [121 P.2d 867] (hearing denied), the court held that the probate court has power to vacate an order of confirmation of sale under section 473 of the Code of Civil Procedure on motion of either the prospective bidder or the administrator. In affirming an order vacating such a sale, the court said at pages 486, 487:

". . . If this section of the code applies to such an order in probate the attack on appeal must rest upon a clear case of abuse of discretion. On this subject it is said in 14 Cal.Jur., page 1075, that 'The policy of the law is to have every litigated case tried upon its merits; and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. The discretion of the court ought always to be exercised in conformity with the spirit of the law and in such manner as will subserve rather than defeat the ends of justice.'

"It is the settled law that the section is addressed to the

legal discretion of the trial court 'and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below,' (*Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 P. 148], where numerous cases are cited. . . .

"Turning to the direct question raised—the jurisdiction of the court to grant relief from a probate order under section 473—we find the authority expressly confirmed in *Levy* v. *Superior Court,* 139 Cal. 590 [73 P. 417]. In that case the superior court, sitting in probate, made an order setting aside a homestead. In due time the executors and an heir moved to set aside the order upon grounds stated in section 473. The only question raised on the appeal was whether the court had jurisdiction to proceed under that section. The Supreme Court held that both the executor and the heir were interested parties entitled to move for relief from the order under the code section. To the same effect is *Estate of Hickey,* 129 Cal. 14 [61 P. 475]. Jurisdiction under the section was assumed in *Lilienkamp* v. *Superior Court,* 14 Cal.2d 293 [93 P.2d 1008], where the real question involved was what notice was required under the section, but the court said (p. 301) that the jurisdiction of the superior court following the order of partial distribution 'extended to the hearing and determination of a motion pursuant to section 473 of the Code of Civil Procedure, after due notice, as required by that section.' "

The trial court in its memorandum opinion stated:

"In this matter it appears that the purchaser whose bid was the subject of the confirmation hearing, by reason of his illness (and, possibly his wife's concern therewith—she was not a bidder insofar as the original petition shows and therefore does not have direct interest in the matter) failed to appear at the time and place of hearing as planned for the purpose of protecting his bid in the event of additional bidding pursuant to Probate Code, section 785. The showing made by him is such that if this were a default in a civil matter wherein his default had been entered under like circumstances, there would be compelling reason which would command the exercise of judicial discretion to vacate the default.

"As a result of his failure to appear the property was sold for a sum substantially less than could otherwise be expected and the estate deprived of the benefit of competitive bidding as contemplated by the probate code in the event of an additional bid being made."

Whether the evidence in the instant case was suffi-

cient to support the order vacating the order confirming the sale was a question for the determination of the trial court. The vital interest that respondents had in the property, the illness which prevented them from being present at the hearing, and the fact that respondents were thereby rendered unable to protect their prior bid at said hearing, with the further result that the estate was prevented from realizing an increased amount for the property, were all factors to be considered and weighed by the trial court. Since it is conceded by appellants that under proper circumstances the court has power to make such an order, the only question that we must determine is whether or not the trial court here abused its discretion. As stated in Estate of Moreland, *supra*, ''the attack upon appeal must rest upon a clear case of abuse of discretion.'' ▮ Section 473 is remedial in nature, and, in the interest of disposing of matters upon their merit, must be liberally construed. (*Estate of Strobeck*, 111 Cal.App.2d 853, 858 [245 P.2d 317].) ▮ Our conclusion is that upon the record here it cannot be held as a matter of law that the court abused its, discretion in granting the motion to vacate the order.

The order is affirmed.

Van Dyke, P. J., and Peek, J., concurred.