[Civ. No. 5277. Fourth Dist. Dec. 19, 1956.]

Estate of FREDERICKA C. HERZ, Deceased. VIRGIL F. McCARRON et al., Appellants, v. ROSINA HERZ et al., Respondents.

Frank J. Kanne, Jr., for Appellants.

Lonergan & Jordan, Swing & Gillespie and Everett H. Swing for Respondents.

BARNARD, P. J.—This is an appeal from an order directing further proceedings with respect to a confirmation of the sale of real property, and from a subsequent order confirming the sale of said property.

The executors of this estate, pursuant to authority given in the will, sold a parcel of real property at private sale to the respondents Miller for $15,000 on certain terms. They filed a return of sale and petition for confirmation and for an order directing a conveyance, which was noticed for hearing at 9:30 a. m. on May 6, 1955. This matter was the second of nine probate and guardianship matters which were listed on a "Probate and Guardianship Calendar," which was used by the court commissioner who heard these matters at that time. The Millers had not been informed as to the time and place of such hearing and were not present. The commissioner received an oral bid from the appellants which was afterwards stipulated to have been $16,700. The commissioner wrote on the right-hand margin of the calendar sheet opposite the title of this estate the following: "Bond 2000.00 Appr 15 000.00 Bid 16 250 Sale Confirmed to McCarron,

Schwartz & Hubbard." At 10:39 a. m. of that day the appellants filed with the clerk a written bid of $16,700 stating that it was on the same terms as those stated in the return of sale, except that the increase in bid was to be the cash payment. At some time on that day Judge Coughlin signed a typed statement at the bottom of the probate and guardianship calendar which reads: "The foregoing recommendations of the court commissioner upon the foregoing matters heard this day are accepted and adopted as the minute orders of the court in said matters. . . ." Neither the notes of the commissioner's recommendations nor this order was entered in the minute book of the court, and no order confirming a sale to the appellants or directing a conveyance to them was at any time entered at length in the minutes of the court or included in any other order signed by the judge.

On May 27, 1955, the executors and the Millers filed a verified petition and motion for an order vacating the order thus endorsed on the calendar sheet on May 6, insofar as it applied to this estate matter, and praying that the return of sale and petition for confirmation be reset for hearing before the court with notice as ordered by the court. This petition alleged, among other things, that by inadvertence and mistake the executors had failed and neglected to notify the Millers of the time and place of hearing of the petition for confirmation, and that as a result the Millers were led to and did remain away from said hearing; that the Millers intended and were prepared to attend such hearing and to make a higher bid for the property in order to protect their original offer; that without any opportunity to the Millers to be heard or to raise their offer a minute order was made announcing the intention of the court to approve the commissioner's recommendation that the sale to the appellants be confirmed; that this minute order did not set forth or contain the terms of such sale; that no written order or decree confirming said sale has been made or entered; that the Millers have at all times been ready, willing and able and, if afforded an opportunity so to do, are now ready and able to offer and bid for said property a price substantially greater than the price for which the commissioner recommended confirmation of sale to the appellants; and that it is for the best interest of the estate that said minute order be vacated and the matter of confirmation be reset for further hearing. This petition and motion was noticed for hearing before the court on June 10, at which time the appellants

appeared and filed written objections thereto. At the conclusion of that hearing Judge Coughlin announced his decision to grant the petition stating, in effect, that in accordance with the practice of the court the order he had signed indicated his intention to accept the recommendation of the commissioner but did not constitute an order of court confirming the sale until the court actually acted by an order in writing accepting the bid and ordering the sale confirmed; also that a sufficient showing of mistake or excusable neglect had been made which would authorize the court to proceed under section 473. On June 10, a minute order was entered stating that the court had ordered the petition granted, and ordered further proceedings in connection with the return of sale and confirmation thereof to be held on June 24, after proper notice as required by law for an original hearing, and had vacated the minute order of May 6 indicating the intention of the court to accept the bid of the appellants. On June 14, a written order signed by the judge was entered and filed vacating "that portion of the minute order dated May 6, 1955, announcing the intention of the court to confirm the sale of said real property to" the appellants; ordering that the hearing of said return of sale and petition for confirmation be reopened and further proceedings had therein at a hearing to be held on June 24, 1955; and further ordering that the clerk give notice of said hearing in accordance with section 1200 of the Probate Code. At the hearing on June 24, the respondents Miller increased their bid to $17,500, and the appellants, through their counsel, objected to the proceedings but offered no further bid. A minute order was made on that date granting the petition for confirmation and confirming the sale to the Millers for $17,500. On June 29, a formal order in the usual form was signed and filed by the judge, confirming the sale to the Millers and directing a conveyance to them. This appeal was taken from the minute order entered on June 10, 1955, and from the order of confirmation made on June 29, 1955.

The appellants contend that after the court signed the order at the bottom of the probate calendar on May 6, 1955, it had no power to vacate the sale and order further proceedings except on a proper showing under section 473 of the Code of Civil Procedure, and that the showing here made did not justify relief under that section. It is argued that the commissioner confirmed the sale to the appellants; that the order signed by the judge adopting the recommendation

of the commissioner as the minute order of the court was a compliance with the provisions of section 1221 of the Probate Code; that the probate and guardianship calendar used by the commissioner was kept with the estate papers in the clerk's office, and was a sufficient entry in the minutes; that this order of confirmation of sale to the appellants was effective as of May 6; and that by this order of confirmation the appellants acquired an absolute right to a conveyance from the executors as held in *Estate of Leonis*, 138 Cal. 194 [71 P. 171]; *Estate of West*, 162 Cal. 352 [122 P. 953] and *Baldwin* v. *Stewart*, 218 Cal. 364 [23 P.2d 283]. It is also argued that the showing made did not justify relief under section 473; that the law did not require any notice to the original bidders other than the notice of the hearing on the petition for confirmation which was posted by the clerk; and that this case is distinguishable from *Estate of Moreland*, 49 Cal.App.2d 484 [121 P.2d 867] and *Estate of McCrae*, 133 Cal.App.2d 634 [284 P.2d 914], since in the first of these cases there was an active mistake in that the bidders had been told that the hearing would be held on a different date, and in the other case the original bidder was actually too ill to attend.

Aside from the question of relief under section 473, whether a bidder acquires a vested right to a conveyance depends upon the validity of the order made. In *Estate of Leonis*, *supra*, it is stated that if the order of sale is regularly made and not appealed from "it is binding upon all." In *Estate of West*, it is stated that "if the order was valid" it gives the purchaser an absolute right to a conveyance. *Baldwin* v. *Stewart*, also holds that a valid order confirming a sale, which has become final, "is conclusive."

The sufficiency of the order signed by the judge on May 6, 1955, depends upon the meaning and intent of that order, and its effect under certain provisions of the Probate Code. Section 756 provides that the order of confirmation must show that proof of the notice of the sale was made. While section 757 does away with the necessity for a notice of sale where a sale of the property is authorized by the will, it also provides that the executor must make a return of sale and obtain confirmation thereof "as in other cases." Section 785 provides that upon a hearing when certain facts appear the court "shall make an order confirming the sale and directing conveyances to be executed." Section 786 provides that a certified copy of the order confirming sale and

directing a conveyance must be recorded in the office of the county recorder. Section 1220 provides that orders in probate proceedings need not recite the existence of jurisdictional facts but shall contain "the matters ordered and adjudged." Section 1221 provides that orders of the court or judge must be entered at length in the minute book of the court or else signed by the judge and filed. Section 1222 provides that a certified copy of an order confirming a sale must be recorded in the office of the county recorder. These sections of the Probate Code clearly require that an order confirming such a sale be definite and complete in itself, as otherwise it could not be recorded in the office of the county recorder.

■ The commissioner was not authorized to confirm the sale, but only to make a recommendation to the court in that regard. The order on the calendar signed by the judge on May 6 was not a valid order confirming sale within the meaning of sections 1220, 1221 and 1222 of the Probate Code. It clearly appears that it was intended as a preliminary memorandum approving the commissioner's recommendations in nine different matters. It was not intended to obviate the necessity of a later order of confirmation in this particular matter, to be entered at length in the minute book of the court or signed by the judge and filed, and did not have that effect. If a certified copy of that order had been recorded it would have been meaningless, insofar as the intent and purpose of these statutes are concerned. It contained no description of the property, no terms of the sale, and no order directing that a conveyance be made. On its face it showed a bid of $16,250, which was less than the increased bid required by section 785. While it is true that it was later stipulated, on June 10, that the oral bid made before the commissioner was $16,700, the commissioner's recommendation was not in that form when it was accepted and adopted by the court. It must be held that the court's order entered on the bottom of the commissioner's calendar on May 6 did not constitute a sufficient order of the court confirming the sale, in the absence of a more definite minute entry or specific order signed by the judge. No valid order of confirmation was entered or filed, and three weeks later the petition and motion to vacate the purported order and to reopen the matter for further bidding was filed. That motion was heard and granted. If it was within the court's power to vacate the order of May 6, no valid objection is raised to the orders

subsequently made on June 24 and June 29 confirming the sale of this property to the respondents Miller, those orders being full and complete and in the usual form.

In view of the purpose and intent of the probate statutes to encourage competitive bidding in the sale of property, and to protect the best interest of the estate and all concerned therein, the court has certain inherent powers in connection with hearing a petition for confirmation of a sale. Its power to continue the hearing is well recognized, and it should be allowed to reopen the matter for a further hearing, on proper notice, where no valid order of confirmation has been entered, where considerable time has elapsed, and where the best interests of the estate will be promoted thereby. In any event, the existence of such a situation is one of the things which may be considered in passing upon the question as to whether a trial judge has abused his discretion in granting a motion for relief under section 473.

It is now settled that relief under section 473 may be granted for the purpose of vacating an order confirming a probate sale. (*Estate of Moreland,* 49 Cal.App.2d 484 [121 P.2d 867]; *Estate of McCrae,* 133 Cal.App.2d 634 [284 P.2d 914].) It would appear in each of those cases that a valid order confirming the sale had previously been entered since no contention to the contrary appears. If a valid order confirming a sale may be thus vacated it would seem reasonable that a less showing should be required for granting such relief where no definite or complete order of confirmation had previously been entered. The appellants argue that no mistake or inadvertence here appears because the statutes do not require that actual notice of the hearing of the petition for confirmation be given to the original bidder. That same legal situation existed in connection with the Moreland and McCrae cases, where such relief was granted. In the Moreland case the bidders had been misled as to the date of the hearing. In the McCrae case, while the bidder had not been misled in any way he had been prevented from attending the hearing by illness. The important thing in both cases seems to be not that the bidder was entitled by law to notice of the hearing, but that he desired and intended to appear and make an increased bid but through inadvertence or excusable neglect, without fault on his part, he had been unable to do so. If such a showing is sufficient to justify the granting of relief where a valid order of confirmation had previously been entered, its sufficiency should be more apparent where

no valid order of confirmation had theretofore been entered. An actual inadvertence here appears, as a result of which there was no further competitive bidding at the original hearing, to the disadvantage of the estate. The question was one of fact for the trial court, and in exercising its discretion it was proper to take all of the facts and circumstances into consideration. Since there is no clear showing that the discretion vested in the trial court was abused, its orders may not be disturbed. (*Estate of Moreland,* 49 Cal.App.2d 484 [121 P.2d 867].)

The orders appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 13, 1957.