61 Cal.App.3d 635 (1976)
131 Cal. Rptr. 291
ESTATE OF BERT M. LEWY, Deceased.
JERE ERLE BROWN, as Executrix, Petitioner and Appellant,
v.
PETER K. KWONG et al., Objectors and Respondents.
Docket No. 47773.
Court of Appeals of California, Second District, Division Five.
August 31, 1976.
*637 COUNSEL
Anderson, Adams & Bacon and Robert L. Bacon for Petitioner and Appellant.
Laurence E. Clark and Michael R. Augustine for Objectors and Respondents.
OPINION
STEPHENS, Acting P.J.
This is an appeal from a denial of appellant's motion to vacate an order confirming sale of real property in the estate of Bert M. Lewy, deceased.
*638 After decedent's death on April 27, 1971, the Bank of America was appointed by court order to act as special administrator with general powers of the estate pending the hearing of a will contest between appellant Jere Earle Brown and another (Agnes Oldham). A partial inventory and appraisement of the estate were filed on October 26, 1971, showing the assets of the estate included cash in the amount of $111.60 and a parcel of real property, which is the subject of this action, appraised at $60,000.
On May 30, 1972, the will of decedent naming appellant Brown as executrix was admitted to probate, and objections to her appointment were overruled. On June 22, 1972, the formal order admitting the will to probate and naming appellant as executrix was signed and filed, and letters testamentary were issued to her on June 30, 1972.
On June 14, 1972 (just prior to appellant's appointment as executrix), Peter K. Kwong and Edna Y. Kwong, respondents, submitted an offer to purchase the real property of the estate through Constance Destito, a real estate broker, who is also named a respondent herein. The Bank of America (hereinafter, the Bank) published a "Notice of Sale of Real Property at Private Sale" on June 19, 20, and 26, 1972, in the Los Angeles Daily Journal. The notice described the property, declared the sale was to be held at the office of the Bank, at 555 South Flower Street, Los Angeles, California, and stated that any bids or offers were to be received by the Bank at that address. In the notice, Joseph L. Graves, the attorney for a will contestant, was erroneously listed as attorney for the Bank.
In a letter to appellant's counsel dated June 28, 1972, the actual attorney for the Bank, Henry Cutter, indicated that two phone calls to the office of appellant's counsel had not been returned, that a $50,000 cash offer had been received by the Bank for the property, that repairs and maintenance were required at least twice a week on the premises, and advised that the property should be sold. Another letter was sent to appellant's attorney on July 5, 1972. On July 10, 1972, a letter from the Bank was sent to appellant's attorney enclosing the offer of the respondents to purchase the property with a check in the amount of $5,000 as deposit.
Respondents increased their bid to $57,200 on July 18, 1972, which was accepted by appellant. Accordingly, on July 20 appellant filed a return of sale of real property and a petition for order confirming sale. *639 Appellant's verified petition declared that the respondents' bid was the highest and best net bid made, that the sale was legally made and fairly conducted, and that appellant believed the sale price was not disproportionate to the value of the property. In the petition appellant also declared that the sum offered was at least 90 percent of the appraised value of the property, and that the sale was to the advantage and benefit of the estate and was necessary to prevent loss to the estate.
The property was reappraised by a court-appointed state inheritance tax referee on August 10, 1972, at $60,000, the reappraisal being filed on August 16, 1972. The order confirming sale of real property (entered on Aug. 16, 1972) found: that the notice of sale was given as prescribed by law; that the sale was legally made and fairly conducted; that good reason existed for the sale; that the property was reappraised within one year of the sale; that the sale price was at least 90 percent of the appraised value; that the sale price was not disproportionate to the value of the property sold; and that no higher bid could be obtained.
On September 21, 1972, appellant filed a motion to vacate and set aside the order confirming sale of real property. Three days prior, appellant's attorney had received a bid of $72,000, with a $7,200 check as deposit.
At the hearing on the motion to vacate the order confirming sale, the real estate broker for the new offeror testified that according to his appraisal in September 1972, the property was worth $80,000, calculated on the basis of a rate of return on investment. Another expert testified the property was worth $68,000. Appellant testified that in July 1972, her attorney advised her to sell the property, that the offer of the respondents Kwong was a good one, and that if appellant did not sell she might incur liability. In denying the motion to vacate the order confirming sale, the court noted that appellant herself had filed the return of sale and the petition for confirmation of sale, that six weeks had elapsed between her appointment (June 30, 1972) until the time of the order confirming sale (Aug. 16, 1972), and that appellant had advice from counsel during that period. After a series of delays, judgment denying appellant's motion to vacate the order confirming the sale of real property was entered on July 18, 1974. In its findings of fact, the court stated that there was insufficient evidence to establish any representation by the Bank to the executrix or anyone else which was false or misleading as to the value or the necessity for sale, and that the order confirming sale was not made by mistake, inadvertence, surprise, or excusable neglect.
*640 Appellant appeals from the order refusing to vacate the order confirming sale.
Appellant contends that the court abused its discretion by failing to vacate the order because the offer of sale was disproportionate to the value of the real property sold and because the notice of sale contained the incorrect name and address of the special administrator's attorney. Appellant also argues that the court should have vacated the order confirming sale pursuant to Code of Civil Procedure section 473 on the grounds of mistake, surprise, inadvertence, and excusable neglect.
At the conclusion of the hearing on appellant's motion to vacate the order, the court noted that the standards of Probate Code section 785 apply to the confirmation hearing on the return of sale, rather than to the standards of section 473 of the Code of Civil Procedure. Probate Code section 785 requires the court to examine several factors concerning the sale at the confirmation hearing, including: the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made; the return of sale and witnesses in relation to the sale; whether the sale was legally made and fairly conducted; whether the sum which was bid was not disproportionate to the value; and whether the sum offered was at least 90 percent of the appraised value.[1]
*641 Appellant argues that based upon the additional evidence of higher bids and appraisals presented at the hearing of the motion to vacate the order confirming sale the offer of respondents Kwong was disproportionate to the value, and thus the court should have vacated the order under Code of Civil Procedure section 473.
(1) Appellant sought relief on the grounds of mistake, surprise, inadvertence, and excusable neglect under Code of Civil Procedure section 473. It is established that a motion to vacate an order confirming sale may be made under that section. (Estate of Lee, 159 Cal. App.2d 109 [323 P.2d 448]; Estate of McCrae, 133 Cal. App.2d 634 [284 P.2d 914]; Estate of Moreland, 49 Cal. App.2d 484 [121 P.2d 867].) (2) Appellant's contention, however, is without merit. Review of an order confirming sale on the grounds that the sum bid was disproportionate to the value or otherwise in violation of Probate Code section 785 should be effected by direct appeal from that order. (Baldwin v. Stewart, 218 Cal. 364 [23 P.2d 283]; Estate of Weaver, 158 Cal. App.2d 367 [322 P.2d 522].)
Code of Civil Procedure section 1240 provides, inter alia, that an appeal may be taken from an order confirming the sale of property. (Freeman v. McClung, 217 Cal. App.2d 31 [31 Cal. Rptr. 578]; Estate of Weaver, supra.) Appellant concedes in her brief that the order was subject to direct appeal. Within the context of a motion to vacate under Code of Civil Procedure section 473, it was not error for the probate *642 court to refuse to consider new evidence and vacate the order confirming sale on the grounds that the bid was disproportionate to the value. Once an order confirming sale has been entered, the order is a matter for direct appellate review. Appellant has, from the outset, apparently misapplied the standards applicable at the confirmation hearing with the grounds enumerated in Code of Civil Procedure section 473.
Under Probate Code section 785, the court may vacate the sale if it finds the bid disproportionate to the value, but this may be done on that ground only at the confirmation hearing. Appellant's reliance on the cases of Estate of Scott, 172 Cal. 485 [157 P. 242] and Estate of Bazzuro, 161 Cal. 71 [118 P. 434] is clearly misplaced because those cases involved direct appeals from orders confirming sales of property, whereas appellant is appealing from denial of a motion to vacate an order under Code of Civil Procedure section 473. We find no case, and appellant has cited none, for the novel proposition that the probate court has the power to review an order confirming sale after it has been entered, based upon additional evidence presented at a motion to vacate the order under Code of Civil Procedure section 473.
Moreover, it is clear that the terms and requirements of Probate Code section 785 govern only the procedure for a proper confirmation hearing. The statute states in part: "Upon the hearing the court must examine into the necessity for the sale ... and if it appears ... that the sum bid is not disproportionate to the value ... the court shall make an order confirming the sale...." (Italics added.) In the instant case, the court complied with the requirements of a confirmation hearing in that it examined the verified return of sale and petition for the order confirming sale (filed by appellant herself), and, as previously expressed, the court amply elaborated upon its reasons for confirming the sale. The order was valid on its face and was in full accordance with Probate Code section 785.[2]
At the hearing on the motion to vacate the order, the court noted that the language of Probate Code section 785 is cast in terms of a finding by the court at the time of sale that the property is being sold for a price which is not disproportionate to the value. The court correctly found that the standards of Probate Code section 785 govern the confirmation *643 hearing, rather than a motion under Code of Civil Procedure section 473. It was clearly not an abuse of discretion for the trial court to refrain from reviewing its previously entered order confirming sale on any grounds except as to those found in that section of the Code of Civil Procedure. Otherwise, a court could find itself in a position of entering and vacating orders for confirmation of sale of property ad infinitum.
We next turn to appellant's contention that due to excusable neglect she is entitled to relief under Code of Civil Procedure section 473. That section provides in pertinent part: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."
It is well settled that relief under Code of Civil Procedure section 473 may be granted for the purpose of vacating an order confirming a probate sale. (Estate of Moreland, supra; Estate of McCrae, supra; Estate of Lee, supra.) (3) Appellant claims the court abused its discretion by failing to vacate the order confirming sale, alleging that there was a mistake in the published notice of intention to sell real property, which resulted in an unfair sale, and that she made an excusable mistake in judging the value of the property, which mistake was caused by erroneous and misleading information supplied to her regarding the value of the property, at a time when undue influence was being exerted upon her.
As to the error in the notice of sale of real property, appellant is correct in stating that the name and address of the attorney for a contestant was contained therein, rather than the name and address of the attorney for the then special administrator, the Bank. The notice, however, specifically stated that the sale would be held at the office of the Bank, where bids were to be received, and the Bank's address was correctly listed in the notice. Appellant admits that no higher bid than that of the respondents Kwong was received. Appellant makes no showing that any party made offers to the erroneously listed attorney. The incorrect name of the attorney is of no real consequence since bids were not to be directed to the office of the correct attorney, but were explicitly to be directed to the Bank, which they were.
(4) Appellant next contends that she is entitled to relief on the grounds of mistake and excusable neglect in that when she petitioned for the confirmation of sale, information was withheld from her, and undue *644 influence was exerted upon her. In support of this contention, appellant asserts that the Bank, with knowledge that it was being replaced by appellant, advised her that the offer of respondents Kwong was a good one and that the estate was in need of cash. Appellant testified that she felt the property was really worth between $80,000 and $100,000.
The only evidence of undue influence was that the attorney for the Bank made two phone calls to appellant's counsel regarding the property and that after receiving no reply he wrote a letter which asked that appellant give "serious consideration to the sale of this property." The Bank's attorney testified that he had a phone conversation with appellant's attorney during which they discussed problems concerning the property with respect to the City of Los Angeles, insurance, and the estate's need for cash to meet expenses, taxes, etc.
The court correctly concluded that there was insufficient duress, inadvertence, surprise, mistake, or excusable neglect to grant relief under Code of Civil Procedure section 473. Two letters and a phone call from the Bank's attorney cannot be considered undue influence. There is no evidence in the record to establish any representations by the Bank which were false or misleading as to the value of the property, or the necessity for the sale. Appellant was represented by counsel, and six weeks had elapsed between the date of appellant's formal appointment as executrix and the date of the confirmation hearing. The court heard appellant's testimony that she had been familiar with the property for over 15 years and that, with the advice of her attorney, she executed the verified petition for confirmation of sale. A reappraisal was properly conducted by a court-appointed inheritance tax referee. It was not until after the order confirming sale was entered  when an offer of $72,000 was made  that appellant had second thoughts about the value of the property. We agree with the conclusion of the probate court that Code of Civil Procedure section 473 was not enacted to compel relief in a situation where a party has mere "second thoughts" on the value of the property.
Appellant cites cases which hold that when an order confirming sale is made through mistake, inadvertence, surprise, or excusable neglect, the court has authority to set aside the order or motion of either the representative or the prospective bidder. However, the cases are clearly distinguishable in that in each of the cases cited it was the bidder who was granted relief under section 473. In Estate of Moreland, supra, 49 Cal. App.2d 484, an order confirming a probate sale was vacated because *645 the original bidder was mistakenly given the wrong date of hearing. In Estate of McCrae, supra, 133 Cal. App.2d 634, the order confirming sale was vacated because the original bidder, who was the high bidder, was too ill to attend the hearing. In Estate of Herz, 147 Cal. App.2d 100 [305 P.2d 278], the failure of the executors to personally notify the original bidders, who contended they would have attended the confirmation hearing and submitted a higher bid, justified the court's decision to vacate the order confirming sale.
Under the circumstances, we find no compelling reason to grant relief under Code of Civil Procedure section 473. (5) That section is addressed to the discretion of the court, "and in the absence of a clear showing of abuse in the exercise thereof, an appellate court will not disturb the order of the court below." (Waybright v. Anderson, 200 Cal. 374, 377 [253 P. 148]; Estate of Moreland, supra, at p. 487; Estate of Lee, supra, at p. 111; Estate of McCrae, supra, at pp. 637-638.)
As we find no abuse of discretion by the lower court, the judgment is affirmed. Costs to respondents.
Ashby, J., and Hastings, J., concurred.
NOTES
[1] Though not in effect at the time of the confirmation hearing or at the hearing of appellant's motion to vacate, an amendment to Probate Code section 785 was enacted (Stats. 1974, ch. 961, § 4, p. 2006) as of July 1, 1975 to require that the court also examine the "efforts of the executor or administrator to expose the property to the market." In its present form, Probate Code section 785 provides as follows:

"§ 785. Scope of hearing: Confirmation or vacation of sale: Additional offers: Acceptance: Commission of agent
Upon the hearing the court must examine into the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made, and the efforts of the executor or administrator to expose the property to the market, and must examine the return and witnesses in relation to the sale; and if it appears to the court that good reason existed for the sale, that the sale was legally made and fairly conducted, and complied with the requirements of the previous section, that the sum bid is not disproportionate to the value, and it does not appear that a sum exceeding such bid at least 10 percent on the first ten thousand dollars ($10,000) bid and 5 percent on the amount of the bid in excess of ten thousand dollars ($10,000), exclusive of the expenses of a new sale, may be obtained, the court shall make an order confirming the sale and directing conveyances to be executed; otherwise it shall vacate the sale and direct another to be had, of which notice must be given and the sale in all respects conducted as if no previous sale had taken place. But if a written offer in an amount at least 10 percent more on the first ten thousand dollars ($10,000) bid and 5 percent more on the amount of the bid in excess of ten thousand dollars ($10,000) is made to the court by a responsible person, and the offer complies with all provisions of the law, the court shall accept such higher offer, confirm the sale to such person and fix a reasonable compensation for the services to the estate of the agent, if any, producing the successful bidder, or, in its discretion, order a new sale. If more than one written offer in an amount at least 10 percent more on the first ten thousand dollars ($10,000) bid and 5 percent more on the amount of the bid in excess of ten thousand dollars ($10,000) is made to the court by responsible persons, and if any such increased bid complies with all the provisions of the law, the court shall accept such highest increased bid, confirm the sale to the person making such increased bid, and fix a reasonable compensation for the services to the estate of the agent, if any, producing the successful bidder, or in its discretion, order a new sale. The compensation of the agent producing the successful bidder shall not exceed one-half of the difference between the amount of the bid in the original return and the amount of the successful bid, but such limitation shall not apply to any compensation of the agent holding the contract with the executor or administrator.
"For the purposes of this section the amount of a bid shall be determined by the court without regard to any commission on the amount of such bid to which an agent may be entitled by virtue of a contract with the executor or administrator. It shall be determined without regard to any condition of the bid that a certain amount thereof be paid to an agent by the executor or administrator, but notwithstanding that a bid contains such a condition, only such compensation to an agent as is proper under the preceding provisions of this section shall be allowed, and acceptance of the bid by the court binds the bidder though the compensation so allowed is less than the compensation to which the agent would be entitled had the condition been observed.
"Higher offers and bids are subject to the provisions of Section 785.1.
"Enacted 1931; Amended Stats 1947 ch 79 § 1; Stats 1955 ch 1513 § 2, effective July 1, 1955; Stats 1971 ch 948 § 1; Stats 1974 ch 961 § 4, operative July 1, 1975."
[2] Appellant contends that the record lacks a finding that the bid was not disproportionate to the value and that a higher bid could not be obtained. However, the court made the required finding that the amount was not disproportionate to the value of the property in its order confirming sale.