[No. D002080. Fourth Dist., Div. One. Aug. 27, 1985.]

Estate of ANTHONY EUGENE SAMPO, Deceased.
GEORGIA LUE SAMPO, as Co-executor, etc., et al.,
Petitioners and Respondents, v.
FRANKFURT GROUP, U.S.A. et al., Objectors and Appellants.

## COUNSEL

Gray, Cary, Ames & Frye and Brian L. Forbes for Objectors and Appellants.

Seltzer, Caplan, Wilkins & McMahon, Floyd Wilkins, Jr., and James B. Franklin for Petitioners and Respondents.

## OPINION

**BRAINARD, J.\*—**

### I

Minutes after making a successful oral overbid for a parcel of real property at an in-court estate sale pursuant to Probate Code[1] section 785, the appellants (buyers) refused to memorialize the sale on a written form, claiming a mistake had occurred. Nevertheless, the court confirmed the sale. Appellants appeal the original order of confirmation.[2]

### II

The executors of the estate of Anthony Eugene Sampo (Estate) decided to sell its undivided one-half interest in unimproved real property to the

---

\*Assigned by the Chairperson of the Judicial Council.

[1] All statutory references are to the Probate Code unless otherwise specified.

[2] Section 1240, subdivision (g) reads: "An appeal may be taken from an order or the refusal to make an order:

" . . . . . . . . . . . . . . . . . . . . . . . .

"(g) Directing or authorizing the sale or conveyance or confirming the sale of property."

Appel Development Corporation (Appel) for the sum of $226,500 ($453,000 for the total parcel) in cash, subject to confirmation by the court under section 785 which, in part, instructs the court: ". . . If more than one written offer . . . is made to the court by responsible persons, and if any such increased bid complies with all the provisions of the law, the court shall accept such highest increased bid, . . . ."

During the confirmation hearing on May 23, 1984, the court read the memorandum of sale which stated the Estate was selling an undivided one-half interest, but that any bidder must also buy the other one-half at the same price.[3] Counsel for the Estate told the bidders they should just double everything. The memorandum of sale stated, among other data, that the property contained 42,000 useable square feet. The notice of sale invited "written offers" and the Estate "reserve[d] the right to reject any offer."

Oral bidding commenced, with Frankfurt Group, U.S.A. (Frankfurt) bidding against Omega Exchange, Inc. (Omega) and Appel. Omega opened the bidding at $240,000. After a series of increasing bids, Omega made its last bid at $340,000 and Frankfurt bid $350,000 ($700,000 for the entire parcel). There being no further bids, the court orally confirmed the bid and left the bench.

Representatives of Frankfurt and the Estate conferred for the purpose of payment of a 10 percent deposit and to complete required paperwork, including a form provided by the court entitled "Increased bid in open court."[4] Some question arose as to whether the useable square feet for the

---

[3]The remaining one-half undivided interest in the real property was held in the trust declared in the will of Grace A. Sampo, wife of Anthony, who predeceased him. We find nothing in the record concerning the authority of the executors to offer the trust interest for sale or any understanding as to price or division of the costs of sale. At oral argument, counsel for the executors stated undivided interests not subject to probate were commonly included in sales of estate undivided interests. While the practice may be common, the confusion engendered by the joinder of nonprobate undivided interests with undivided interests subject to the jurisdiction of the probate court is amply illustrated by these proceedings and this appeal. We query, but do not opine with respect to, the propriety of an order confirming a sale of undivided interests in property which are not subject to the jurisdiction of the court and division of the costs of the sale between the estate and the other ownership entity and the enforcement of that order as to such other entity.

[4]"SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO
"In the Matter of the Estate of)
 ) No.
 )
_____ ) INCREASED BID IN OPEN COURT
"The undersigned, being financially capable of complying with the terms of sale set forth herein, bids the sum of $_____ for the property of this estate for which a confirmation of sale is pending this day before this court. Submitted with this bid is cash/a certified check

entire parcel in truth totaled 42,000 or 84,000 or 72,000 (as someone at Frankfurt had once calculated). Frankfurt stated that if the total useable square footage was only 42,000 and not twice that figure, the purchase price was too high and they would not go forward.

The judge was summoned back to the bench to resolve the issue. Both on May 23, 1984, and at later hearings the court refused to set aside its confirmation of the sale. Frankfurt refused to go forward with the purchase. Finally, the court granted the Estate's request to vacate the order and to authorize a new sale under section 788. At the second sale in August 1984, the property was sold to Frankfurt for $255,000 ($510,000 for both half interests).

## III

Two issues[5] have been raised on appeal which we answer as follows:

1. Is the issue now moot? No.

2. Does section 785 require that any overbid be in writing before it may be finally confirmed? Yes.

*Mootness*

An action originally based on a justiciable controversy cannot be maintained on appeal if the issues have become moot by later acts or events. However, the appeal is not moot should there remain material issues for the court's determination or if there is a likelihood that the controversy as between the same parties will reoccur. (*Consol. etc. Corp.* v. *United A. etc. Workers* (1946) 27 Cal.2d 859 [167 P.2d 725]; *Grier* v. *Alameda-Contra Costa Transit Dist.* (1976) 55 Cal.App.3d 325 [127 Cal.Rptr. 525].)

---

for $_____ which is at least 10% of this bid.
"Terms of the sale are as follows:

"The real estate agent procuring this bid is:

"Title is to be taken as follows:

"DATED: _____

"(Name(s) of bidder; typed or printed)"

[5]Appellants also sought relief from the trial court on the grounds of excusable mistake of fact under California Code of Civil Procedure section 473. Although section 473 does allow a trial court discretion to set aside an order of confirmation of sale, we will not review the decision herein given our reversal on other grounds. (*Estate of Lewy* (1976) 61 Cal.App.3d 635 [131 Cal.Rptr. 291]; *Estate of Herz* (1956) 147 Cal.App.2d 100 [305 P.2d 278].)

Section 788 provides: "If, after the confirmation, the purchaser neglects or refuses to comply with the terms of the sale, the court, on motion of the executor or administrator, and after notice to the purchaser, in the manner directed by the court, may vacate the order of confirmation and order a resale of the property. Notice of such resale shall be given and proceedings thereafter shall be taken as in this article provided in the same manner as required for such sale in the first instance. If the amount realized on such resale does not cover the bid and the expenses of the previous sale, *the defaulting purchaser at such previous sale is liable to the estate for the deficiency.*" (Italics added.)

 Here, although the original order of confirmation was vacated, under section 788 the Estate has the right to obtain what amounts to a deficiency judgment against Frankfurt. The finding of the probate court that a confirmation of sale had occurred would be binding by way of res judicata on that issue. That order is final and a matter for direct appellate review. (See § 1240, subd. (g); *Estate of Lewy, supra,* 61 Cal.App.3d at p. 635; *Estate of Shorr* (1981) 122 Cal.App.3d 775 [176 Cal.Rptr. 158]; *State* v. *McGlynn* (1862) 20 Cal. 233, 239.) Therefore, a vital and material question remains for determination and the appeal is not moot. (See *Hartke* v. *Abbott* (1930) 106 Cal.App. 388 [289 P. 206].)

*Written Bids*

 Section 785 specifically requires a "written offer." However, it is apparently the established practice to conduct all overbidding orally, with the judge acting as auctioneer. The highest bid is then put in writing and signed by the buyer.[6]

---

[6]This procedure for overbidding is reflected, either implicitly or explicitly by the local probate rules in the following counties:

| County | Local Probate Rule |
|---|---|
| Alameda | 804 |
| Contra Costa | 501E |
| Los Angeles | 12.10-12.11 |
| Marin | 1007 |
| Orange | 509 |
| San Bernardino | 6.09 |
| San Diego | 4.88 (then 12.14) |
| San Francisco | 8.09 |
| San Joaquin | 6.06 |
| San Mateo | III E.6. |
| Santa Clara | 4.2f |
| Solano | 8.10(b) |
| Stanislaus | 906 |
| Tulare | Section 5 |

The other counties of California either follow the rules of one of the above counties or the county's rules are silent on the subject or the county has no probate rules.

San Diego Superior Court Probate Rule No. 4.88 (then 12.14) requires: "When there is a successful overbid in open court on a sale of real property, counsel must complete, and the successful bidder must sign, an 'Increased Bid in Open Court' form and file same. The order will not be signed unless the form is filed."

■ Local court rules and policies have the effect of procedural statutes so long as they do not conflict with higher authority. (*Estate of Cattalini* (1979) 97 Cal.App.3d 366 [158 Cal.Rptr. 640]; *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499 [120 Cal.Rptr. 176]; *Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18 [210 Cal.Rptr. 762, 694 P.2d 1134].)

■ The leading (and only) case on the issue of oral versus written overbids is *Estate of Greer* (1968) 261 Cal.App.2d 827 [68 Cal.Rptr. 344]. In *Greer,* the trial court orally confirmed a sale of real property to an overbidder. The trial court directed the attorney for the estate to prepare a written order of confirmation of sale. The next day a dispute arose regarding whether the bids included a brokerage fee. The trial court then refused to sign the order of confirmation of sale. In concluding that no binding confirmation of sale had occurred, the appeals court stated at pages 829-830: "We do not reach the question whether section 785 prevents a probate sale restricted to net bidding. Appellants fail to surmount two preliminary hurdles. The first is the requirement of a written, signed bid. Section 782 requires that preliminary bids at a private probate sale be in writing. Section 785, dealing with additional bids at the confirmation hearing, restricts the bidding to written offers. (See California Estate Administration, *supra,* [(Cont.Ed.Bar 1960)] pp. 595, 601.) Any oral bidding in court can only be preliminary to the submission of a written, signed offer. (See, for example, *Estate of Herz,* 147 Cal.App.2d 100, 104 [305 P.2d 278].) If Ferrero and Kappos ever submitted a written bid, the record fails to disclose it. On the record, all Ferrero and Kappos' bids were oral. They did not confirm their oral bid of $106,250 by a written, signed offer. A probate court may confirm a sale to one who outbids the original offeror only when 'such increased bid complies with all the provisions of the law. . . .' (Prob. Code, § 785; see *Wood* v. *Roach,* 125 Cal.App. 631, 639 [14 P.2d 170].) Only an increased bid in writing complied with the law. The brokers Katzakian and Schaffer could claim a commission only for an increased bid resulting in confirmation and sale. (Prob. Code, § 761.5; *Wilson* v. *Fleming* (1930) 106 Cal.App. 542, 547-548 [289 P. 658].) The bid of $106,250 procured by these brokers never reached the point of confirmation and sale, because it was never submitted in the written form demanded by law."

Here, the Estate argues, as in *Greer,* the minute entry of the clerk of the court suffices as a writing for the purposes of section 785, much like that

kept by an auctioneer. (See *Young* v. *Patterson* (1908) 9 Cal.App. 469 [99 P. 552].) However, there are good reasons for memorializing the sale in writing even beyond the dictates of section 785, local rule of court No. 4.88 and the statute of frauds. The order must cite compliance with all notice-of-sale procedures (§ 756; *Estate of Herz, supra,* 147 Cal.App.2d 100). The offer must be acceptable to the Estate, both under the "right to reject" clause in the notice-of-sale and as to any terms or credit clauses the offer may contain (§ 785.1). Further, "an order confirming such a sale be definite and complete in itself, as otherwise it could not be recorded in the office of the county recorder." (*Id.,* at p. 105; see § 786.)

The Estate asserts that equity demands appellants be estopped from asserting the "written offer" requirements of section 785 in that appellants willingly submitted to a long "established procedure" of oral overbidding. Both the trial court and counsel for the Estate took the position that to do otherwise would go against "established procedure." San Diego Probate Rule No. 4.88 and all other references are to the contrary. "Prob.C. 785 requires a writing; hence, an oral bid in court is merely preliminary to submission of a written, signed offer, and only the latter can be basis of a confirmed sale." (7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, § 473, p. 5906; see also 1 Miller & Starr, Current Law of Cal. Real Estate (1975) § 2:47 et seq.; 2 Cal. Probate Workflow Manual (Cont.Ed.Bar, Rev. ed. 1980) § 16.14; 1 Cal. Decedent Estate Administration (Cont.Ed.Bar 1971) § 14.43; 1 Handbook of Probate Law (4th ed. 1983) p. 267; 1 Marshall, Cal. Probate Procedure (4th ed. 1979) § 1404.)

The Estate argues the present procedures are meant for the protection and benefit of estates and should not be allowed to be used as a shield to repudiate a bid. ▆ The powers and jurisdiction of the probate courts are wholly statutory and a probate court must look to express statutes for its procedures. (*Estate of Boyd* (1963) 212 Cal.App.2d 634 [28 Cal.Rptr. 258]; *Estate of Muhammad* (1971) 16 Cal.App.3d 726 [94 Cal.Rptr. 856].) ▆ In fairness, all persons, including appellants, who appear in probate courts have the right to rely on those procedures.

Judgment is reversed. Each party is to bear its own costs on appeal.

Staniforth, Acting P. J., and Butler, J., concurred.