[No. D013231. Fourth Dist., Div. One. Sept. 10, 1992.]

Estate of FRANCES MANISCALCO, Deceased.
UNION BANK, as Administrator, etc., Petitioner, v.
CENPLEX CORPORATION, Claimant and Appellant;
CITY OF EL CAJON, Movant and Respondent.

## COUNSEL

Dietmar E. Schott for Claimant and Appellant.

McDougal, Love, Eckis, Grindle & O'Connor and Lynn R. McDougal for Movant and Respondent.

## OPINION

**WORK, Acting P. J.**—Cenplex Corporation (Cenplex) appeals an order granting the City of El Cajon's (City) motion to vacate a probate court order

confirming the sale of real property to Cenplex. Cenplex contends the City lacked standing because it was not an "interested person" as required by Probate Code[1] section 48. Cenplex argues a prospective bidder who has failed to attend a confirmation hearing, without having any other preexisting relationship to the estate or to the property, is not an "interested person" under that section. For the following reasons, we conclude the probate court correctly concluded the City was an interested party and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Frances Maniscalco's probate estate included real property located at 179 Rea Street, El Cajon, California. Cenplex offered to purchase the property for $136,500, a figure within the 90 percent of appraised value as required by section 10309, subdivision (a)(3). At the confirmation hearing, the Cenplex purchase was confirmed without objection, as no other party was present to overbid.

Three days later, the City moved to vacate the confirmation order pursuant to Code of Civil Procedure section 473, alleging excusable neglect. Factually, the City had decided to submit an overbid at the confirmation hearing. On August 9, the City's attorneys contacted counsel for the administrator of the estate to determine if the confirmation hearing was to proceed as scheduled on August 13, and were erroneously advised that hearing had been continued to August 21. Although the City had prepared its written bid, it did not appear at the August 13 hearing, at which time the sale to Cenplex was confirmed by the court without considering the City's written bid. Concluding the City constituted an interested party within the meaning of section 48 because of its prehearing expressed intent to overbid and the underlying circumstances, the court granted the City's motion, vacated the original order and rescheduled the confirmation hearing for September 10. At the rescheduled hearing attended by Cenplex representatives, the City's purchase by overbid was confirmed. All further proceedings regarding the property have been stayed during the pendency of this appeal.

*The City Was an Interested Party Under Section 48, Subdivision (b) and Thus Had Standing Under Code of Civil Procedure Section 473 to Move to Vacate the Order Confirming the Sale of Estate Real Property*[2]

The sole issue presented on this appeal by Cenplex is that the City was not an "interested person" under section 48 to have the necessary

---

[1] All statutory references are to the Probate Code unless otherwise specified.

[2] The parties correctly do not dispute the probate court's jurisdiction to vacate an order confirming sale of estate real property under Code of Civil Procedure section 473. (*Estate of Lee* (1958) 159 Cal.App.2d 109, 111-112 [323 P.2d 448]; *Estate of Herz* (1956) 147 Cal.App.2d 100, 106 [305 P.2d 278]; *Estate of McCrae* (1955) 133 Cal.App.2d 634, 637-638 [284 P.2d 914]; *Estate of Moreland* (1942) 49 Cal.App.2d 484, 486-488 [121 P.2d 867].)

standing under Code of Civil Procedure section 473 to move to vacate the order confirming the sale. To the contrary, we conclude the City as a prospective overbidder, whose failure to appear in accordance with an expressed intent was due to mistaken advice by counsel for the administrator of the estate, qualifies as an interested party for the purposes of section 48.

■ We accept the proposition that a party moving to vacate a confirmation order must be an "interested person" within the scope of section 48 to have the necessary standing to pursue that motion. Just as one must be an "interested person" to file written objections to the confirmation of the sale at a confirmation hearing under section 10310, it logically follows that one must be an "interested person" to seek to vacate the resultant order of such a hearing. Such a requirement prevents persons with no interest from delaying the settlement of estate affairs. (See *Estate of Powers* (1979) 91 Cal.App.3d 715, 719 [154 Cal.Rptr. 366].) Moreover, it guarantees the probate court control over its proceedings and the parties seeking to participate in them so as to insure orderly estate administration.

■ Section 48 defines "interested person" as follows:

"(a)   Subject to subdivision (b), 'interested person' includes any of the following:

"(1)   An heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding.

"(2)   Any person having priority for appointment as personal representative.

"(3)   A fiduciary representing an interested person.

"(b)   The meaning of 'interested person' as it relates to particular persons may vary from time to time and shall be determined according to the particular purposes of, and manner involved in, any proceeding."

Section 48, subdivision (a) provides a nonexclusive list of recognizable interests, providing the court with the authority to designate as an "interested person" anyone having a property right in or claim against an estate which may be affected by the probate proceeding. On the other hand, section 48, subdivision (b) broadly permits the court to determine the sufficiency of a

party's interest for the purposes of each proceeding conducted.[3] "Thus, a party may qualify as an interested person entitled to participate for purposes of one proceeding but not for another." (*Estate of Davis* (1990) 219 Cal.App.3d 663, 668 [268 Cal.Rptr. 384].) Thus, section 48 is designed to provide the probate court with flexibility to control its proceedings to both further the best interests of the estate and to protect the rights of interested persons to those proceedings.

Here, the probate court concluded the City was an interested party under section 48, subdivision (b), because it had notified the estate of its intent to appear and overbid, but was misled by the misinformation provided by the administrator's counsel. The court properly concluded subdivision (b) requires it to evaluate the underlying policy considerations regarding a specific probate proceeding in determining whether the person or party is sufficiently interested to intervene. It accurately determined the public policy consideration of obtaining finality in estate sales is outweighed by Code of Civil Procedure section 473 providing relief from mistake, and especially a mistake induced by misrepresentations of a party whose interests are directly affected by the City's participation. Moreover, the underlying policy goal of endeavoring to maximize the return for the estate is furthered here, outweighing any theoretical generalized potential for detrimental probate sales manipulation which Cenplex cites.

Cenplex contends the public policy considerations supporting a liberalized definition of "interested person" are far outweighed by those supporting a narrow construction. It argues the short-term benefit to an individual estate of producing a higher return on the sale of a real property asset pales when compared to the long-term detriment to the entire probate sales process. Cenplex asserts that by expanding the definition of "interested person" to include potential moving parties other than the heirs, administrator, original purchaser, and creditors, would permit anyone who merely declares after the fact they had wanted to bid at the hearing to move to vacate without confirmation of such prehearing intent. Because Code of Civil Procedure section 473 motions may be made for a period of six months from the date of the confirmation hearing, Cenplex argues a successful purchaser may no longer rely upon the finality of the purchase, insurers will have difficulty guaranteeing titles, and the probate court will be overwhelmed by the vast numbers of these motions. Cenplex also predicts a liberal definition will

---

[3] In its respondent's brief, the City does not specifically rely on either subdivision of section 48. At the hearing on its motion to vacate, the City argued that the right to come in and bid on a piece of property does constitute a property right under subdivision (a), although not perfected. Because we rely on subdivision (b) for our holding, we need not address this contention, but state it is doubtful a mere opportunity to be an overbidder at a confirmation hearing constitutes a property right in or claim against the estate within the meaning of subdivision (a).

discourage initial purchasers from entering into contracts to purchase estate real property and will encourage a new breed of postconfirmation hearing speculators watching for those confirmed sales where the sales price is low or the bidding nonexistent. Finally, Cenplex claims expanding the definition of "interested person" will undermine the entire probate sales process, inevitably reducing the sales proceeds for all probate estates. It reasons the amount of the initial offers will drop because fewer initial purchasers will be willing to risk the time and expense of the probate sales process. Consequently, as the base price falls, overbidding will begin at lower levels, resulting in across-the-board detriment to all California estate sales.

Cenplex offers no statistical support for its policy proposition. We do not foresee our holding the City is an interested party under section 48, subdivision (b) will "open the floodgates" of moving parties seeking to vacate probate sale confirmation orders. Indeed, without any prohibition from doing so in the past, neither overuse nor abuse of the process has occurred. In fact, case precedent has permitted not only original purchasers and administrators (see *Estate of Lee, supra,* 159 Cal.App.2d 109; *Estate of McCrae, supra,* 133 Cal.App.2d 634; *Estate of Moreland, supra,* 49 Cal.App.2d 484), but also prospective bidders like the City (*Estate of Herz, supra,* 147 Cal.App.2d 100) to move to vacate a probate sale confirmation order under Code of Civil Procedure section 473. Additionally, we do not assume perjured declarations will be proffered to support motions seeking to vacate confirmation sale orders. Finally, we doubt whether interest of initial purchasers will diminish, because the marketplace will guarantee not only their involvement, but also the maintenance of probate real property sales prices. Without statistical or evidentiary basis, Cenplex's speculation of the dire consequences from our holding is unsupported speculation.

In summary, we conclude the trial court properly determined the City was an interested party under section 48, subdivision (b), recognizing by doing so it furthered the public policy considerations of encouraging competitive bidding, protecting the best interest of the estate by obtaining the highest possible sales price for the estate real property, and providing relief where an adversary has been victimized in the legal process by mistake, inadvertence, surprise or excusable neglect. (See *Estate of Herz, supra,* 147 Cal.App.2d at p. 106; *Estate of Moreland, supra,* 49 Cal.App.2d at pp. 486-487.) Understandably so, Cenplex has not contended the probate court abused its discretion in concluding the City was entitled to relief, if it had standing, under Code of Civil Procedure section 473, since it had been misled as to the date of the confirmation hearing by the administrator's counsel resulting in its absence. These determinative facts warrant equitable relief where the City intended to appear and make an overbid, but through the inadvertence of

another without any fault on its part was precluded from doing so. (*Estate of Herz, supra,* 147 Cal.App.2d at p. 106.)

DISPOSITION

The order is affirmed.

Huffman, J., and Nares, J., concurred.